*Addison Daggy*, for the appellee.

---

LEE *v.* HEFLEY.

PLEADING—PENDENCY OF ANOTHER ACTION.—Under the third subsection of section 50 of the Code, (2 G. & H. p. 79,) where the

Lee *v.* Hefley.

pendency of another action for the same cause between the same parties is pleaded in abatement, it is not necessary to recite the complaint in the former suit, or to aver that such action is still pending, because it is sufficient, to abate the second action, to show that the first action was pending at the time the second action was commenced.

PLEADING—SEDUCTION.—In an action by the female seduced against her seducer, to recover damages, it may be shown that the seduction was accomplished under a promise of marriage, and the facts and circumstances generally, which constituted the means of its accomplishment, may be alleged and proved.

SAME—INFANCY.—In such action, the answer by the defendant, that at the time of the commission of the act, &c., he was an infant, under the age of twenty-one years, &c., constitutes no bar to the action, and is demurrable.

APPEAL from the *Warren* Circuit Court.

HANNA, J.—*Hefly* sued *Lee*, alleging that he seduced, debauched and begot her with child, &c.; that to effect said seduction, &c., he promised to marry her, &c.

Answer, in abatement, that at the commencement of said suit there was a suit pending, &c. There was a demurrer sustained to this answer, which presents the first question. The ruling of the Court, it is argued, was right, on the ground that the answer should have averred that the suit was then pending at the time of pleading.

Our statute is as follows upon the subject of demurring when the complaint shows another action pending: "That there is another action pending between the same parties for the same cause." 2 R. S. p. 38, sec. 50, sub-division third. As the complaint did not show such prior action pending, we suppose it could be pleaded, and believe that in this case it was properly pleaded. An inference might be drawn from the language employed that it was the intention of the law makers to permit such a defence only in cases where the suit

was pending at the time of pleading. But, it is by no means clear from the reading that such construction would be right, and as it would be in violation of the principles of pleading which formerly maintained, in that respect, we are not inclined to adopt such construction, believing that the language employed would have more directly expressed the purpose if the intention had existed to change the rule in that regard. It is said in Saunders Pl. & Ev., 2d Am. ed., p. 20: "It does not seem essentially necessary to state the declaration in the former suit, nor to aver that such action is still pending, as it is sufficient to abate the second writ to show that it was pending at the time the second action was commenced." See, also, 1 Chit. Pl., 9th Am. ed., p. 454, and note 6.

The defendant then pleaded that at the time of the commission of said act, &c., he was an infant, under the age of twenty-one years, &c. A demurrer was sustained to this answer. It is urged on the one hand that the promise to marry is the gist of the action; on the other that it is alleged only as inducement to the right of action, which, it is insisted, arose out of the wrongful act of seduction, &c., and was shown only as one of the means used to effect that act. By sec. 24, p. 33, 2 R. S. 1852, it is provided that, "Any unmarried female may prosecute as plaintiff an action for her own seduction, and may recover therein such damages as may be assessed in her favor."

We suppose facts and circumstances, other than a promise to marry, might be alleged and shown in connection with such a charge of seduction. Indeed it has been seriously questioned whether, in an action by the father for the seduction of his daughter, evidence was admissible to show that the defendant prevailed by a promise of marriage. 3 Stark. Ev. 1310, and authorities; but it is now settled in this country that such evidence is admissible. 2 Gleenl. Ev. 579, and note.

Lee *v.* Hefley.

The statute above quoted says nothing about the seduction being procured or rather accomplished through a promise of marriage. Such a promise is, therefore, only one of the means which might be brought to bear to accomplish such a purpose. We are of opinion, therefore, that, in the form in which infancy was set up, it was not a bar to the action. We are not called upon to say what the effect of such an answer ought to have been if pleaded as to the question of damages, averring notice upon the part of the plaintiff. Nor is it necessary to intimate an opinion upon the case, put in argument, of a seduction procured solely upon the promise of marriage made by a known infant. This is not a case of that character, as shown by the record.

The next point presented is that the defendant was not permitted to prove by the plaintiff, on cross-examination, the respective or relative positions of the parties at the time of the alleged illicit intercourse.

It is true that it is not every improper connection that consummates a seduction; but it is also true that it is not necessary to make out such a case to show that the plaintiff was not willing to the act, for a performance of such an act against the will of the female would constitute an offence other than seduction. It is also true, then, that the act might have been performed with the consent of the plaintiff, and yet a case of seduction have been thus consummated; for the material inquiry rises, how was that consent procured? How were the minds of the two persons brought to the same conclusion? We can not perceive the force of the argument, then, that the jury might have inferred from the positions, if shown, that no seduction had taken place—especially in view of the evidence that the plaintiff had, in answer to a question of the defendant at the time of the act, as to whether there was danger, responded that there was "not if father's book tells the truth," and of the statement of the defendant that he

Lee *v.* Hefley.

told her that he thought there was "no danger, that he thought he understood himself." The purport or contents of the "book" do not appear in the record. Whatever positions may have been assumed may have resulted from foolish, not to say wicked, suggestions contained in said book, or from the self-sufficient wisdom of the defendant, in supposing that he "understood himself" upon a subject in which the result showed that he, and perhaps the book also, were at fault. Indeed it is said, 18th and 19th vers., 30th proverb, by the wise man, that "there be three things which are too wonderful for me, yea four, which I know not; the way of an eagle in the air; the way of a serpent upon a rock; the way of a ship in the midst of the sea; and the way of a man with a maid."

The last point made is upon the refusal to grant a new trial, on account of the verdict being unsupported by the evidence. Upon the point of the seduction there was no evidence but that of the plaintiff and defendant. We have examined it with care, and can not say but that it tended to support the verdict.

For the error in the ruling on the demurrer the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Samuel C. Willson,* for the appellant.

*Joseph H. Brown* and *James Park,* for the appellee.