## COLEMAN, RECEIVER, v. CALLON ET AL.

[No. 22,852. Filed January 6, 1916.]

1. COURTS.—*Conflict of Jurisdiction.*—*Priority.*—Where two tribunals possess concurrent and complete jurisdiction of a subject-matter, the one before which proceedings are first instituted and which thus acquires jurisdiction of the subject has the jurisdiction to the exclusion of all other tribunals. p. 206.

2. RECEIVERS.—*Appointment.*—*Jurisdiction.*—Where a complaint was filed in the superior court for the recovery of damages and praying the appointment of a receiver, on which summons, as well as notice of the application for receiver, was issued and served on the day the complaint was filed, the jurisdiction of that court as to the appointment of a receiver was thereby invoked, and it had such jurisdiction to the exclusion of the circuit court in which a prior action was pending, but in which application for a receiver was not made until the day following the filing of the complaint in the superior court. p. 207.

3. COURTS.—*Concurrent Jurisdiction.*—*Duty of Court Having Priority of Jurisdiction.*—Where a court of concurrent jurisdiction has had its jurisdiction invoked it is its duty to retain such jurisdiction and proceed to final hearing and disposition of the matter in hand, and its jurisdiction can not be ousted by the action of any other court of concurrent jurisdiction. p. 207.

From Marion Circuit Court (24,412); *Louis B. Ewbank*, Judge.

Action by Richard M. Coleman, receiver of the Independent Envelope Company against Harry A. Callon and others. From the judgment rendered, the receiver appeals. *Reversed.*

*Paul & Paul* and *Ryan, Ruckelshaus & Ryan*, for appellant.

*Clarence W. Nichols, John B. Elam, J. W. Fesler, Harvey J. Elam, Howard S. Young, Charles F. Smith, Charles Remster, Henry H. Hornbrook* and *Albert P. Smith*, for appellees.

ERWIN, J.—The question presented by this appeal is as to which of two courts of concurrent jurisdiction had authority to appoint a receiver. The facts in the case as presented by the pleading in this case are as follows: On September 28, 1914, appellees Callon and Callon filed a complaint in the circuit court of Marion County for money due them for the construction of certain buildings for the Independent Envelope Company, and to foreclose a mechanic's lien upon certain described real estate of the company. The several defendants in that case appeared and made up the issues. There was no averment in the complaint of the necessity for a receiver and none was asked for, either orally or in writing, until February 10, 1915, when plaintiffs filed what is termed an amended second paragraph of complaint in which they asked for the appointment of a receiver. On said day notice was served upon the defendant, the Independent Envelope Company. The defendant accepted service and appeared in court at five o'clock of that day and Bert McBride was appointed receiver and filed his bond and took the oath and entered upon the duties of his office.

On February 9, 1915, a suit was commenced in the superior court of the county, room 3, against the

Independent Envelope Company and others by Jane Chalker in which she asked a money judgment for damages based upon fraud in the sale of stock by the company in which she asked for the appointment of a receiver for the company. Summons duly ordered was issued by the clerk and delivered to the sheriff of the county which was served upon defendant company on February 9, 1915. At the time of filing the complaint, application was made for the appointment of a receiver for the company. Notice was ordered by the court, which was duly served on the envelope company on February 9, to the effect that at nine o'clock a. m. of February 11, the petition for a receiver would be heard in room 3 of said court. On the last named date Richard Coleman was appointed by the superior court receiver for the company, after a hearing by the court in which the envelope company appeared.

It is conceded that both courts had authority to appoint a receiver and the question narrows down to the proposition which court had first taken jurisdiction of the matter of the appointment of a receiver. There is no question but that where two tribunals possess concurrrent and complete jurisdiction of a subject-matter, and the one before which proceedings are first instituted and which thus acquires jurisdiction of the subject has the jurisdiction to the exclusion of all other tribunals. *Taylor* v. *City of Fort Wayne* (1874), 47 Ind. 274; Wells, Jurisdiction §159; 12 Ency. Pl. and Pr. 151; *Merrill* v. *Lake* (1847), 16 Ohio 373, 403, 47 Am. Dec. 377; *Boos* v. *State* (1911), 175 Ind. 389, 94 N. E. 401; *Craig* v. *Hoge* (1897), 95 Va. 275, 279, 28 S. E. 317; *Barnum Wire, etc., Works* v. *Speed* (1886), 59 Mich. 272, 277, 26 N. W. 802; *Covell* v. *Heyman* (1883), 111 U. S. 176, 4 Sup. Ct. 355, 28

L. Ed. 390; *Porter* v. *Sabin* (1893), 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815; *Buck* v. *Colbath* (1865), 3 Wall. 334, 341, 345, 18 L. Ed. 257; *Peck* v. *Jenness* (1849), 7 How. 611, 624, 12 L. Ed. 841; *Moran* v. *Sturges* (1894), 154 U. S. 256, 283, 14 Sup. Ct. 1019, 38 L. Ed. 981; *Scott* v. *Runner* (1896), 146 Ind. 12, 44 N. E. 755, 58 Am. St. 345; *Bruce* v. *Osgood* (1900), 154 Ind. 375, 56 N. E. 25; *Palmer* v. *Texas* (1909), 212 U. S. 118, 29 Sup. Ct. 230, 53 L. Ed. 435; *Waters-Pierce Oil Co.* v. *State* (1907), 47 Tex. Civ. App. 162, 103 S. W. 836.

It is not disputed that in either case filed, a receiver might have been appointed. The subject-matter over which the controversy in this case arises, is the appointment of the receiver. The superior court took jurisdiction in this matter on February 9 when it ordered notice to the envelope company, and it was complete on service of this notice upon the company; all this occurred prior to the filing of the amended second paragraph of complaint in the case in the circuit court, and all of which the envelope company had notice before it appeared to the petition in the circuit court on February 10, at five o'clock. The jurisdiction of the superior court as to the appointment of a receiver had been invoked on February 9, 1915; that of the circuit court not until the next day. Where the jurisdiction of a concurrent court has been invoked, it is the duty of that court to retain such jurisdiction and proceed to final hearing and disposition of the matter in hand and its jurisdiction cannot be ousted by the action of any other court of concurrent jurisdiction. 7 R. C. L. 1068, §106, note 15. *Boos* v. *State, supra,* and cases cited on page 391. We are of the opinion that the order of the circuit court of February 10, 1915, was with-

out authority and void, and that the order appointing the receiver should be set aside. It is so ordered with instructions to the circuit court to order its receiver, Bert McBride, to turn over all assets of the Independent Envelope Company in his hands to Richard M. Coleman, receiver appointed by the superior court.

NOTE.—Reported in 110 N. E. 979. As to concurrent jurisdiction in general, see 29 Am. St. 310. On exclusiveness of jurisdiction by appointment of a receiver, see 20 L. R. A. 391. As to the right to control action as between two courts of concurrent jurisdiction, see 1 Ann. Cas. 409; Ann. Cas. 1912 A 150; Ann. Cas. 1915 B 1117. See, also, under (1) 11 Cyc 985; (2) 34 Cyc 103.