## LITTLE *v.* HOFFMAN.

### [No. 9,576.   Filed April 10, 1918.]

1. LANDLORD AND TENANT.—*Action for Possession.—Complaint.—Sufficiency.—Jurisdiction.*—In a landlord's action for possession, a complaint describing the real estate as being in Indianapolis, Indiana, sufficiently showed that it was located in Marion county, so that a justice of the peace of such county had jurisdiction under

§8071 Burns 1914, §5225 R. S. 1881, providing that in such actions only a justice of the peace of the county in which the lands are situated shall have jurisdiction.   pp. 373, 374.

2. JUSTICES OF THE PEACE.—*Appeals.*—*When Jurisdiction Is Conferred.*—If a court of a justice of the peace does not have jurisdiction of the subject-matter of a cause commenced therein, a circuit court does not acquire jurisdiction on appeal.   p. 373.

3. APPEAL.—*Review.*—*Harmless Error.*—*Absence of Allegations from Complaint.*—Where defendant in an action to recover possession of real estate alleged in his answer that the property involved was situated in Marion county, Indiana, he was not deceived or misled by the absence from the complaint of an allegation specifically locating the property in such county.   p. 374.

4. APPEAL.—*Review.*—*Complaint.*—*Sufficiency.*—*Absence of Evidence from Record.*—*Presumption.*—The evidence not being in the record, it should be asumed on appeal that certain informalities and uncertainties in the land description contained in a complaint to recover possession were removed by the evidence.   p. 374.

5. PLEADING.—*Matters of Judicial Knowledge.*—*Statute.*—Under §383 Burns 1914, §374 R. S. 1881, providing that matters of which courts take judicial notice need not be pleaded, where a complaint to recover possession of real estate showed that the property involved was located in Indianapolis, it was unnecessary to allege that it was in Marion county, Indiana, since the courts will take judicial notice that the city of Indianapolis is located in that county.   p. 374.

From Marion Circuit Court (25,668) ; *Linn D. Hay,* Special Judge.

Action by Alva R. Hoffman against James Burdette Little.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*J. Burdette Little, Edwin Steers* and *Charles Mendenhall,* for appellant.

*Austin F. Denny,* for appellee.

CALDWELL, J.—Appellee as landlord brought this action before a justice of the peace of Marion county to recover from appellant, alleged to be a tenant unlawfully holding over, the possession of certain real

estate, and damages for its detention. A trial in the circuit court on appeal resulted in a judgment in favor of appellee for the possession of the real estate and damages.

Appellant urges that it does not appear that the justice of the peace, and consequently that the circuit court on appeal, had jurisdiction over the subject-matter of the action. Appellant's propositions in support of such insistence, as well as every point made by him, are predicated on the absence from the complaint of a specific allegation that the real estate involved is situated in Marion county, Indiana.

Only a justice of the peace of the county in which the lands involved are situated has jurisdiction in such an action as this. §8071 Burns 1914, §5225 R. S. 1881. If a court of a justice of the peace does not have jurisdiction over the subject-matter of a cause commenced therein, a circuit court does not acquire jurisdiction on appeal. *Goodwine* v. *Barnett* (1891), 2 Ind. App. 16, 28 N. E. 115.

It appears from the caption of the complaint here that this cause was commenced before a justice of the peace of Marion county, Indiana. The real estate description as contained in the complaint is as follows: "House No. 1810 Park Ave. Street, in Indianapolis, Indiana." Appellant filed an answer in which he alleged, among other things, that he leased from appellee "the residence property at No. 1744 Park avenue in the city of Indianapolis, Marion county, Indiana," and that subsequently "the street numbering of said property was changed from 1744 Park avenue to number 1810 Park avenue, in said city, county and state."

It thus appears that appellant was not deceived or

misled by the absence from the complaint of an allegation specifically locating the property in Marion county.

The judgment describes the real estate as being in Marion county, Indiana. The further specific description as therein contained is as follows:

"Number 1810 Park avenue, otherwise known and described as the south half of lot No. 22 in Caven's sub-division of lots numbered 6 and 7 of Johnson's Heirs' addition to the city of Indianapolis."

The evidence is not in the record. It should therefore be assumed that certain informalities and uncertainties as contained in the land description in the complaint were removed by the evidence. Respecting the absence from the complaint of the averment that the real estate involved is situated in Marion county, it may be said that matters of which courts take judicial notice need not be averred in any pleading. §383 Burns 1914, §374 R. S. 1881; *State* v. *Downs* (1897), 148 Ind. 324, 47 N. E. 670. It is alleged in the complaint that the real estate involved is in the city of Indianapolis. The courts will take judicial notice that the city of Indianapolis is in Marion county, Indiana. *Cluck* v. *State* (1872), 40 Ind. 263; *Miller* v. *Miller* (1913), 55 Ind. App. 644, 104 N. E. 588; *Carr* v. *McCampbell* (1878), 61 Ind. 97; *Turbeville* v. *State* (1873), 42 Ind. 490; Jones, Evidence (2d ed.) §§108, 127.

It therefore follows that it sufficiently appears that the real estate involved is in Marion county.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 218. See under (1) 24 Cyc 1439; (3) 4 C. J. 927; (5) 31 Cyc 47.