## BROWN v. DOAK COMPANY.

[No. 24,066.   Filed May 19, 1922.]

1. APPEAL.—*Presenting Questions for Review.—Ruling on Plea in Abatement.—Separate Motion for New Trial.—*A judgment that a suit shall not abate is not a final judgment and is not within any of the exceptions authorizing appeals from certain interlocutory orders, so that it was not necessary for defendant to file a separate motion for a new trial on his plea in abatement to procure a review of the ruling denying the plea, and where, after a trial on the merits, he moved for a new trial of the cause and separately moved for a new trial of the issues formed by such plea, and on appeal pointed out as one of the errors assigned the judgment on the plea, the ruling thereon was properly presented for review. p. 118.

2. ABATEMENT AND REVIVAL.—*Abatement of Action.—Pendency of Another Action.—Statutes.*—The rule at common law and under the Code, §§85, 89, (§§344, 348 Burns 1914, Acts 1911 p. 415) is that a plea in abatement must be sustained if there is a prior action between the same parties for the same cause pending at the time the second action is commenced. p. 119.

3. STATUTES.—*Re-enactment.—Construction.—Adoption of Judicial Construction.*—The re-enactment of the Code, §§85, 89, (§§344, 348 Burns 1914, Acts 1911 p. 415) after their construction by the Supreme Court as requiring the abatement of an action if a previous action between the same parties for the same cause is pending at the time a second action is commenced, is an adoption by the legislature of that construction. p. 120.

4. C O U R T S.—*Concurrent Jurisdiction.—Priority.*—Where two tribunals possess concurrent and complete jurisdiction of a subject-matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted. p. 120.

5. JUSTICES OF THE PEACE.—*Want of Jurisdiction.—Jurisdiction of Court on Appeal.*—Where a justice of the peace was without jurisdiction of an action because of the pendency of a prior action between the same parties for the same cause, the superior court could acquire no jurisdiction by an appeal in the action last commenced, and could transfer no jurisdiction thereof to another court to which it sent the case on change of venue. p. 121.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by the Doak Company against John C. Brown. From a judgment for plaintiff, the defendant appeals. (Transferred to the Supreme Court under §1429 Burns 1914, Acts 1893 p. 29.)   *Reversed.*

*Thomas F. O'Mara* and *Clay A. Phillips,* for appellant. *Josiah T. Walker* and *George E. Osburn,* for appellee.

WILLOUGHBY, J.—This action was originally brought before a justice of the peace of Harrison township, Vigo county, Indiana, for recovery of the possession of a certain house and lot in the city of Terre Haute, and for damages for the detention thereof.

The facts appearing from the record are:   'That on

September 11, 1919, a suit was brought before D. S. Maurer, a justice of the peace, of Harrison township, Vigo county, Indiana. On September 22, 1919, upon the application of defendant a change of venue was taken and the venue was changed to one Frank J. Morrison, a justice of the peace of said Harrison township, Vigo county, Indiana. On October 14, 1919, while that cause was still pending before said justice of the peace, Frank J. Morrison, the appellee filed before justice of the peace, D. S. Maurer, the above entitled cause of action, being the identical cause of action and against the same defendant as the suit filed on September 11, 1919, before said justice of the peace, D. S. Maurer. On October 20, 1919, the appellant filed his verified plea in abatement to the action filed before said justice of the peace, Maurer, on October 14, 1919, which plea in abatement alleges:

"That on the 11th day of September, 1919, before said justice of the peace, Maurer, the plaintiff in this action brought an action against this defendant, which is identically the same action filed on the 14th day of October, 1919; summons was issued by said justice of the peace on said complaint and the defendant appeared on said 22nd day of September, 1919, and filed his affidavit for change of venue from the said justice of the peace, D. S. Maurer; that said venue was on said day duly changed to the office and before one Frank J. Morrison, a justice of the peace of Harrison township, Vigo county, Indiana; that said cause of action as aforesaid is now pending and has never been dismissed; that on the 14th day of October, 1919, while the above mentioned cause of action was still pending before said justice of the peace, Frank J. Morrison, the plaintiff filed in this office before said justice of the peace, D. S. Maurer, the above entitled cause of action for possession of certain real estate described therein and damages

for the detention thereof; that both plaintiff and de-
fendant in each cause of action, hereinabove set out, are
the same and not different parties; that the subject mat-
ter of each cause of action is identical; that the plain-
tiff in above said causes of action has brought said
causes of action against this defendant for an identical
demand which is for the possession of the therein de-
scribed real estate, which is identical in both causes of
action, and for the detention thereof."

On October 20, 1919, justice of the peace, Maurer,
"overruled" this plea in abatement, and on October 23,
1919, judgment was rendered against appellant for pos-
session of the property and damages for the detention
thereof. On October 23, 1919, appellant appealed from
this judgment so rendered by justice of the peace,
Maurer, to the superior court of Vigo county. On Oc-
tober 30, 1919, after judgment had been rendered by
justice of the peace, Maurer, and after appellant ap-
pealed to said superior court, the appellee dismissed his
first action theretofore pending before justice of the
peace, Morrison. On December 6, 1919, the appellant
filed his affidavit and motion in the superior court of
Vigo county, praying a change of venue from said Vigo
county, and the venue was changed to the Sullivan Cir-
cuit Court, of Sullivan county, for trial. On March 18,
1920, the appellee first filed what it called its reply to ap-
pellant's plea in abatement, setting up said facts relat-
ing to appellee's dismissal of his first action.

The "reply" to the plea in abatement, which "reply"
was filed in the Sullivan Circuit Court, alleges that prior
to the institution of this said suit there had been insti-
tuted by this plaintiff against this defendant a suit for
possession of the real estate described in the plaintiff's
complaint, but affiant says that said suit was by the
orders of the affiant to his agent and attorney ordered
dismissed, and the office of the justice of the peace be-

fore whom said action was pending was authorized to dismiss said suit, and that prior to the trial of the above entitled cause, plaintiff caused to be deposited in the office of the clerk of Vigo county, the costs of the said cause of action. Affiant further says that the dismissal of said cause was not entered of record by reason that the justice of the peace who had jurisdiction of said cause was sick and ill, and that thereafter he died; that as soon as the commissioners of Vigo county appointed a succeeding justice of the peace, the motion of the plaintiff to dismiss the said cause of action was sustained and the court costs were paid; that all of the above transpired prior to the venuing of this case to this court. That there is now only one cause of action pending between plaintiff and defendant for the possession of said real estate described in plaintiff's complaint, and that there is no suit pending wherein there are any unpaid costs, and that there is no cause for the abatement of this action now existing.

The issues raised by appellant's plea in abatement were tried upon an agreed statement of facts as follows:

"The parties to this cause hereby agree in open court that all the facts set forth in the plea in abatement filed by the defendants and bearing date of October 20, 1919, in the court of justice of the peace, Daniel S. Maurer, Harrison township, Vigo county, Indiana, are true and are to be taken and considered by the court as the facts in this cause upon the trial of the same; and they further agree that the facts set forth in the verified "reply" filed by the plaintiff to said plea in abatement in the Sullivan Circuit Court on this date are true and are to be taken as the conceded facts in the trial of said cause on said plea in abatement, with the addition that the dismissal of the action referred to in the defendant's plea in abatement was entered of rec-

ord October 30, 1919; and they further agree that this action is now the only action pending in any court for the possession of the real estate described in the plaintiff's complaint."

Upon this statement of facts the court found for the plaintiff that the action should not be abated. The cause was then tried on the complaint and general denial thereto and the court found for the plaintiff that it is entitled to the possession of the real estate described in its complaint and damages for the unlawful detention thereof and rendered judgment accordingly. After a motion for a new trial had been overruled appellant appealed and assigned as error the overruling of such motion.

It is the contention of appellee that no question is presented by this appeal on the sufficiency of the plea in abatement for the reason that in order to present

1. a question of that kind it was necessary for appellant to file a separate motion for a new trial on the plea in abatement and if such motion is overruled, appeal from the judgment of the court on the plea in abatement. This position is not tenable. A judgment that a suit shall not abate is not a final judgment and is not within any of the exceptions authorizing appeals from certain interlocutory orders. *Bluffton, etc., Co.* v. *Moore-Mansfield, etc., Co.* (1915), 60 Ind. App. 567, 109 N. E. 406.

It will be observed that appellant's motion for a new trial "moves the court for a new trial of this cause and also separately moves the court for a new trial of the issues formed by defendant's plea in abatement to plaintiff's complaint; and also separately and severally moves the court for a new trial of the issues formed by plaintiff's complaint and a general denial thereto."

The appellant proceeded to the trial of the cause and appealed from the judgment of the Sullivan Circuit

Court and pointed out as one of the errors assigned the judgment upon appellant's plea in abatement. The question is properly presented for our consideration.

The appellant contends that the decision of the court in finding against the defendant upon the issues joined by plaintiff's complaint and defendant's plea in abatement is contrary to law. There is no dispute as to the facts upon which said decision rests. The agreed statement of facts showed that when the present proceedings were filed, there was pending another action between the same parties and for the same cause before another justice of the peace in the same township, and that said cause was still pending at the time appellant's plea in abatement was filed on October 20, 1919, and that it was not dismissed until October 30, 1919.

The record shows that judgment was rendered by justice of the peace, Maurer, on October 23, 1919, and on the same day an appeal was taken to the superior court of Vigo county, Indiana.

The rule at common law is to sustain the plea in abatement if there is a prior action pending at the time it is filed. Chitty, Pleadings (14th Am. ed.) 454.

2. Saunders, Pleading (5th Am. ed.) 21. Section 85 of the Indiana Code, §344 Burns 1914, Acts 1911 p. 415, provides: "The defendant may demur to the complaint where it appears upon the face thereof, either: * * *"

"Third: That there is another action pending between the same parties for the same cause," etc.

Section 89 of the Code, §348 Burns 1914, Acts 1911 p. 415, provides: "Where any of the matters enumerated in section 85 do not appear upon the face of the complaint, the objection (except for the misjoinder of causes), may be taken by answer."

These provisions of the Indiana Code were re-enacted after the decision in *Lee* v. *Hefley* (1863), 21 Ind. 98,

which held that under the Indiana Code, it is sufficient to abate the second action to show that the first action was pending at the time the second action was commenced. The rule declared in *Lee* v. *Hefley, supra,* was followed in *Hale* v. *Miller* (1892), 131 Ind. 80, 30 N. E. 884.

These sections of the Code having been re-enacted since the decision in *Lee* v. *Hefley, supra,* the construction thereof adopted by the Supreme Court in
3. that case has been carried into the re-enacted Code. *State* v. *Ensley* (1912), 177 Ind. 483, 97 N. E. 113, Ann. Cas. 1914D 1306; *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484, 58 N. E. 828.

Appellee contends that it is sufficient to defeat a plea in abatement setting up a prior action to show that such prior action has been dismissed before the trial of the plea. Appellee is not helped by this contention as it is undisputed that the plea in abatement was tried before justice of the peace, Maurer, on October 22, 1919, and that the action pending before justice of the peace, Morrison, was not dismissed until October 30, 1919; and at that time an appeal had been taken from the judgment of justice of the peace, Maurer, to the Vigo Superior Court.

When there exists two tribunals possessing concurrent and complete jurisdiction of a subject-matter, the jurisdiction becomes exclusive in the one before which
4. proceedings are first instituted. *Taylor* v. *City of Ft. Wayne* (1874), 47 Ind. 274, 282; *Coleman* v. *Callon* (1916), 184 Ind. 204, 110 N. E. 979; *Boos* v. *State* (1911), 175 Ind. 389, 94 N. E. 401; *Hughes* v. *Lake Erie, etc., R. Co.* (1863), 21 Ind. 175.

At the time the second suit was filed before justice of the peace, Maurer, and at the time it was tried and

at the time an appeal was taken to the Vigo Superior Court, there was a suit for the same cause of action and between the same parties, plaintiff and defendant, pending before justice of the peace, Morrison, who had complete jurisdiction to try and determine said cause and render judgment therein. These facts were stated in the verified plea in abatement and are not disputed. It therefore appears that justice of the peace, Maurer, had no jurisdiction of the second suit. *Taylor* v. *City of Ft. Wayne, supra; Boos* v. *State, supra; Coleman* v. *Callon, supra.*

If the justice of the peace had no jurisdiction, then the superior court could get no jurisdiction by appeal. And on appeal to the superior court of Vigo county, Indiana, that court had no jurisdiction to hear and determine the case and consequently could not send the case on change of venue to Sullivan county, Indiana, and by so sending such case on change of venue, the Sullivan Circuit Court acquired no jurisdiction thereof. Nothing could be done after the appeal to the superior court of Vigo county, to impart jurisdiction to the justice court which it did not possess before appeal. *Little* v. *Hoffman* (1918), 67 Ind. App. 371, 119 N. E. 218; *Kiphart* v. *Brennemen* (1865), 25 Ind. 152; *Deane* v. *Robinson* (1905), 34 Ind. App. 468, 73 N. E. 169; *Goodwine* v. *Barnett* (1891), 2 Ind. App. 16, 28 N. E. 115; *Jolly* v. *Ghering* (1872), 40 Ind. 139.

Our conclusion is that the Sullivan Circuit Court erred in finding for plaintiff upon defendant's plea in abatement that the action should not be abated.

In view of our conclusion reached upon these issues other matters discussed in appellant's brief are not material. Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.