## KANOUSE ET AL v. BALLARD.

[No. 11,840.    Filed November 19, 1924.]

1.  APPEAL.—*Decision on issues raised by plea in abatement re-
viewable by motion for new trial.*—Any error occurring on
the trial of the issues formed by a plea in abatement, to pre-
sent any question on appeal, must be presented through a mo-
tion for a new trial.  p. 165.

2.  APPEAL.—*Motion for new trial must be based on statutory
grounds.*—An allegation in a motion for a new trial that "the
court erred in overruling" the plea in abatement, presented
no question on appeal, since the motion was not based on any
of the statutory grounds.  p. 165.

3.  APPEAL.—*Instructions must be in record to present error.*—
Any alleged error in giving instructions presents no question
where the instructions are not brought into the record by any
recognized method.  p. 166.

4.  EVIDENCE.—*Secondary evidence as to contents of writing;
when admissible.*—Parol evidence of the contents of a written
instrument is inadmissible in evidence unless the loss or de-
struction of the instrument is accounted for by the person in
whose hands it was at the time of the loss or destruction.
p. 166.

5.  APPEAL.—*Proof as basis for secondary evidence question for
trial court.*—Whether sufficient proof had been made of the
loss of an instrument to render secondary evidence admissible
was a question for the trial court.  p. 166.

From Madison Superior Court; *Willis S. Ellis,* Judge.

Action by Charles Emery Ballard against George M. Kanouse and others. From a judgment for plaintiff the defendants appeal. *Affirmed.*

*Philip B. O'Neill* and *L. Roy Zapf,* for appellants.
*Bagot, Free & Pence,* for appellee.

BATMAN, J.—Appellee filed a complaint in a single paragraph against appellants for the replevin of an automobile. Appellant, Kanouse, filed a plea in abatement to the action, on which issues were joined by the filing of a general denial. On a trial thereof, the court found against appellant, and rendered judgment against him for costs. Appellee filed a second paragraph of complaint alleging a conversion of the automobile in question, on which issues were joined by the filing of a general denial. On the trial of the cause on its merits before a jury, appellee dismissed the first paragraph of his complaint. A verdict was returned in favor of appellee against appellant Kanouse on which judgment was duly rendered. A motion for a new trial having been filed by said appellant and overruled, this appeal followed, based on an assignment of errors which alleges that "the court erred in overruling" said appellant's plea in abatement, and in overruling his motion for a new trial.

The error assigned with reference to "overruling the plea in abatement" presents no question, as any error occurring on the trial of the issues formed on such plea, must be presented through a motion for a new trial thereof. *Williams* v. *State* (1907), 169 Ind. 384; *Brown* v. *Doak Co.* (1922), 192 Ind. 113, 135 N. E. 343. Appellant has alleged in his motion for a new trial, that "the court erred in overruling" his plea in abatement, but has failed to base the same on any one of the statutory grounds therefor,

and hence no question is presented for our determination with reference to such plea. *Over* v. *Dehne* (1905), 38 Ind. App. 427; *Cooley* v. *Kelley* (1911), 52 Ind. App. 687; *Johnson* v. *Citizens State Bank* (1914), 57 Ind. App. 348; *Wilson* v. *Sentman* (1919), 74 Ind. App. 112; *Quinlan* v. *George B. Limbert & Co.* (1921), 75 Ind. App. 429.

Appellant Kanouse contends that the court erred in giving certain instructions, but has failed to bring the same into the record, by any recognized method, and hence no question is presented with reference thereto. Contention is also made that the court erred in refusing to admit secondary evidence of a written instrument. The record discloses that the court refused to admit the offered evidence because the loss of the original had not been sufficiently shown. It is well settled that parol evidence of the contents of a written instrument is inadmissible in evidence, unless the loss or destruction thereof is accounted for by the person in whose hands it was at the time of its loss or destruction, if such person be living. *Pittsburgh, etc., R. Co.* v. *Brown* (1912), 178 Ind. 11. Whether sufficient proof had been made in the instant case of the loss of the instrument in question, to render the admission of secondary evidence of its contents admissible, was a question for the court. *Johnson* v. *Jordan* (1917), 66 Ind. App. 110. An examination of the record discloses that the court did not err in excluding the offered evidence under the rule stated.

Appellant Kanouse challenges the sufficiency of the evidence to sustain the verdict, and also the amount thereof, but we cannot concur in such contentions, in view of the substantial evidence tending to sustain the verdict, both as to the right of recovery and the amount of damages assessed. We find no sufficient grounds for holding that the verdict is contrary to law, as said ap-

pellant finally contends. Appellant having failed to show that the court erred in overruling his motion for a new trial as alleged, the judgment is affirmed.