**Candice DORSEY, Appellant (Petitioner Below),**

v.

**Tommie DORSEY, Appellee (Respondent Below).**

**No. 3–579A130.**

Court of Appeals of Indiana, Third District.

Sept. 24, 1980.

Steven P. Kennedy, Munster, for appellant.

Judith A. Levy, Singleton, Levy & Crist, Highland, for appellee.

HOFFMAN, Judge.

Appellant Candice Dorsey appeals from the final decree of a dissolution proceeding. The following issues are raised for review:

(1) whether the trial court lacked jurisdiction to determine the paternity of appellant's illegitimate son;

(2) whether the trial court abused its discretion in determining the paternity of appellant's illegitimate son; and

(3) whether the trial court abused its discretion in ordering support obligations and visitation rights for the husband.

On March 2, 1978 Candice Dorsey filed a petition for dissolution of marriage against Tommie Dorsey. The parties thereafter reconciled briefly. On September 29, 1978, however, Candice filed an amended petition for dissolution of marriage. Both petitions stated that there were no children of the marriage. Final hearing on the matter was held on November 3, 1978.

At the final hearing Candice testified on direct examination that she had a four year-old son who was born before her marriage to Tommie. On cross-examination Candice acknowledged that Tommie was the father of the child. The child, however, did not bear the father's name and Candice did not want paternity established. Tommie also testified that the child was his.

The trial court declared Tommie the father of the child and ordered the birth certificate records changed, giving the child the name Dorsey. The court also granted Tommie visitation rights and ordered him to pay support in the amount of $70 per pay period.

■ Appellant first contends that the trial court lacked jurisdiction to determine paternity and abused its discretion in making the determination. Candice cites A._____ B._____ v. C._____ D._____ (1971), 150 Ind.App. 535, 277 N.E.2d 599, for the proposition that before paternity may ever be established, there must be first, a request to do so, and, secondly, a joinder of all affected parties, including the child. That case, however, was concerned with inheritance rights of the child and rebuttal of the presumption that a child born to a married woman is the legitimate child of the husband. A._____ B._____ v. C._____ D._____, supra, is thus inapposite under the circumstances of the present case.

At the time the divorce proceedings were filed, IC 1971, 33–12–2–3 (Burns Code Ed.) vested exclusive original jurisdiction to determine paternity in the juvenile courts. These courts, however, were abolished in Lake County by IC 1971, 33–5–29.5–22 and the jurisdiction over paternity cases was given to the Superior Court of Lake County pursuant to IC 1971, 33–5–29.5–4. Therefore, the trial court had subject matter jurisdiction to establish paternity.

Furthermore, the trial court did not abuse its discretion in determining paternity. A court in dissolution proceedings has jurisdiction to award custody of children as well as to determine support obligations and visitation rights. See IC 1971, 31–1–11.5–21 (1979 Burns Supp.); IC 1971, 31–1–11.5–12 and IC 1971, 31–1–11.5–24. This is true even though a child may be illegitimate. IC 1971, 31–1–11.5–2 defines child for the purposes of dissolution as meaning "a child or children of both parties to the marriage and includes children born out of wedlock to such parties as well as children born or adopted during the marriage of such parties." The fact that the child was not listed in the petitions for dissolution is irrelevant because the evidence at the final hearing was uncontroverted that Candice had a child and that Tommie was the father of that child. Once the court became aware that there was a child of the parties, it had a duty to provide for custody, support and visitation pursuant to the dissolution statutes. This could only be done, however, after a determination of paternity had been made.

An argument similar to that raised by Candice was advanced in *Toller v. Toller* (1978), Ind.App., 375 N.E.2d 263. In that case a child was born illegitimately and the father subsequently married the mother. Paternity, however, had never been established. During the divorce proceedings the

evidence was uncontroverted that the husband was the father. The husband subsequently appealed a support order arguing that the court lacked jurisdiction to establish paternity and abused its discretion in so doing. The Court, however, affirmed the trial court, holding that when the evidence showed that both parties considered themselves the natural parents of the child, no genuine issue as to paternity was raised and it was proper for the court to enter a support order. The court had jurisdiction to enter such an order despite the fact that the dissolution proceedings were in the Hendricks County Superior Court and jurisdiction to establish paternity rested exclusively in the Hendricks Circuit Court.

Candice argues finally that the trial court abused its discretion by ordering support and visitation when these issues were not before the court and where there was no evidence that the orders were in the best interests of the child.

■ Contrary to appellant's position, custody, support and visitation are always issues before the court in a dissolution proceeding when there exists a child of the parties. See IC 1971, 31-1-11.5-21; IC 1971, 31-1-11.5-12 and IC 1971, 31-1-11.5 24. A mother cannot waive these issues in violation of a father's rights by not naming the child in the petition for dissolution.

The appellant argues that the court erred in ordering child support payments without determining the best interests of the child. IC 1971, 31-1-11.5-12(a) provides:

"In an action pursuant to section 3(a) or (b) [subsections (a) or (b) of 31-1-11.5-3], the court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct after considering all relevant factors including:

1) The financial resources of the custodial parent;

2) Standard of living the child would have enjoyed had the marriage not been dissolved;

3) Physical or mental condition of the child and his educational needs;

4) Financial resources and needs of the noncustodial parent. . . ."

The evidence indicates that Candice had a take home pay of approximately $386 a month. She testified that each month she spent approximately $120 for nursery school; $60 for gasoline; $120 for food and $30 to $50 for utilities. In addition, Candice bought clothes for herself and her son. Candice testified that on her income she could not pay various charge account bills incurred during the marriage. In considering this evidence, the trial court could easily determine that the child was in need of support payments. Indeed, it is difficult to imagine how an additional $70 per pay period could not be in the best interests of the child.

Candice also contends that the court erred in allowing Tommie visitation rights without determining whether such visitation was in the best interests of the child. IC 1971, 31-1-11.5-24 provides:

"(a) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation by the parent might endanger the child's physical health or significantly impair his emotional development.

"(b) The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation might endanger the child's physical health or significantly impair his emotional development."

■ In reviewing the actions of the trial court, an appellate court cannot weigh the evidence or determine the credibility of witnesses and will consider the evidence only in the light most favorable to the judgment. *Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23. Although there is some evidence that

on occasion Tommie struck Candice and the child, there is also evidence that Tommie loved the child and contributed to his support. It cannot be said that the trial court in weighing this evidence abused its discretion in not finding that visitation might endanger the child's physical health or significantly impair his emotional development.

For the above reasons, the decision of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.