665 N.E.2d 43 (1996)
L.D.H. and A.D.H., by her next friend, L.D.H., Appellants
v.
K.A.H. and D.M., Appellees.
No. 82A01-9507-CV-226.
Court of Appeals of Indiana.
May 6, 1996.
*45 Terry A. White, Olsen, Labhart, White & Hambidge, Evansville, for Appellants.
Thomas A. Massey, Bowers, Harrison, Kent & Miller, Evansville, for Appellees.

*44 OPINION
ROBERTSON, Judge.
L.D.H. (Mother) and A.D.H. (Daughter), by her next friend, Mother, bring this discretionary, interlocutory appeal of two orders of the courts below. The Vanderburgh Superior Court (the trial court) denied Mother's motion for blood tests in her action for dissolution of her marriage to K.A.H. (Father). The Vanderburgh Superior Court Juvenile Division (the juvenile court) dismissed Daughter's action to establish paternity in D.M. (Alleged Father). Mother and Daughter raise the following issues:
I. When there has been no dissolution of marriage and there was credible evidence of sexual intercourse with another man at the time the child was conceived, does [Mother] and her child have a discovery right to blood tests in order to determine the true paternity of such child?
II. Should the child's separate paternity action and discovery rights pertaining thereto be recognized when the child was not made a party to the divorce proceedings?
III. Did the court abuse its discretion in granting custody on the [Father's] oral emergency petition to modify which occurred immediately after the Wife filed her Motion for Blood Tests and repudiated the oral custody agreement?
IV. Did the court err in refusing to appoint a Guardian Ad Litem on behalf of the child when the issue of paternity was raised?
Father cross-appeals and raises the following issues:
V. Did the Divorce Court err when it granted the Mother's motion to set aside the divorce decree as it relates to the issue of dissolution of the marriage?
VI. Should this Court remand for hearing to determine the amount of attorney's fees and costs to be awarded to the Father for the defense, including this appeal, of the Mother's actions which were found to be in bad faith and a fraud upon the Court?
We affirm.
At the outset, we note that Father has filed a motion for this Court to identify the parties, their children, and their witnesses by their initials should this court issue an opinion for publication. Regardless of whether the instant decision is eventually designated for publication, we will identify the parties, their children, and their witnesses by their initials or in some other innocuous manner. Because Father's motion relates only to the issuance of a decision for publication, we deny the motion.
Mother and Father married and eventually had a son. The parties do not dispute that the boy is the son of Father. Mother later had sexual intercourse with Father and also with Alleged Father around the time of conception of Daughter. Mother eventually gave birth to Daughter and later filed for dissolution of her marriage to Father. Mother and Father agreed on a property settlement and reserved the issues of custody and support. Mother maintained primary physical custody of the children and asked for, and obtained, child support from Father.
Mother began to talk with family, friends, and lawyers about the possibility that Daughter was not the child of Father. Nonetheless, Mother and Father agreed to a custody, visitation, and support arrangement and orally *46 recited the agreement before the trial court. Father was to get primary physical custody of both children. The custody agreement rendered moot Father's attempt at discovery of Mother's mental health records. Father and Mother were to appear two days later to reduce the agreement to writing. After the hearing, Mother told Father, for the first time, that Daughter might not be his child.
When Mother next appeared before the trial court, she had a new attorney. She repudiated the oral custody agreement and filed a motion for blood tests to exclude Father as possible biological father of Daughter. Father orally moved for custody of the children, and the trial court granted the request.
Then, Daughter, by next friend, Mother, filed a petition in the juvenile court to establish paternity in Alleged Father. She eventually amended the petition to include Father, so that he could address whatever interest he had in the matter, and also filed a motion for blood tests of all persons involved. Father eventually filed a motion to dismiss the paternity petition because, inter alia, the same action, that is, an action to establish paternity, was pending in the dissolution court. The juvenile court granted the motion.
Later, the trial court denied Mother's motion for blood tests in the dissolution action because, among other things, she was judicially estopped to challenge paternity. Mother had taken the position, throughout the dissolution proceedings, that Daughter was the child of Father: in her pleading she had claimed that both the son and Daughter were children born of the marriage; she had sought and obtained a preliminary order of child support from Father for both children through the trial court; and she had objected to grandparent visitation in a verified motion to dismiss in which she had asserted that Father was the natural father of the parties' minor children. In essence, because Mother was estopped to raise an allegation that Father was not the biological father of Daughter, the results of any blood tests on her motion were irrelevant. The trial court determined that, to grant Mother's motion for blood tests, would be to reward her for having perpetrated a deliberate fraud, not only upon the trial court, but on Father and the children, as well.
The parties appealed the decisions of the courts below. The cases are consolidated for purposes of appeal.

I
Mother contends the trial court improperly denied her motion for blood tests because she was entitled to discovery of them under Ind.Trial Rule 35(A). See Cooper v. Cooper, 608 N.E.2d 1386 (Ind.Ct.App.1993). On review of a trial court's ruling on a discovery matter we reverse only for an abuse of discretion. Lucas v. Dorsey Corp., 609 N.E.2d 1191, 1197 (Ind.Ct.App.1993), trans. denied. Due to the fact-sensitive nature of such issues, discovery rulings are cloaked with a strong presumption of correctness on appeal. Id.
Judicial estoppel prevents a party from assuming a position in a legal proceeding inconsistent with one previously asserted. Shewmaker v. Etter, 644 N.E.2d 922, 931 (Ind.Ct.App.1994) opinion adopted on transfer, 659 N.E.2d 1021 (Ind.1995). The court, however, must have acted upon the admissions of the estopped party. Id. Here, the trial court denied Mother's motion for blood tests because she was judicially estopped to take a position that Father and Daughter did not, in fact, have a biological, parent-child relationship.
Mother had claimed in her petition for dissolution that both of the son and Daughter were children born of the marriage. Mother contends that such language amounts to no more than a claim that Daughter was born to Mother during the marriage and cites In re Paternity of S.R.I., 602 N.E.2d 1014, 1016-1017 (Ind.1992), in support of the proposition. There, however, the court stated, "it would be error to find res judicata as to paternity based on the [dissolution] order alone." Id. at 1016. In the present case, the trial court did not base its judicial estoppel decision on any one factor alone. Here, Mother had objected to grandparent visitation in a verified motion to dismiss *47 in which she had asserted that Father was the natural father of the parties' minor children. Also, the trial court had acted upon Mother's position when it had granted Mother's request for child support for both children from Father. The trial court's determination, that judicial estoppel applied, does not amount to an abuse of discretion.
Because of the judicial estoppel, there was no legal dispute between Father and Mother that Father is the biological father of Daughter. We note that the purpose of the blood test is to determine paternity. Rundel v. Shady, 492 N.E.2d 694, 697 (Ind.Ct.App. 1986). Because there was no legal dispute, the purpose of the blood test was fulfilled under these circumstances. See id. (where paternity is conclusively admitted by the pleadings, the purpose of the blood test has been fulfilled). The trial court abused no discretion when it denied Mother's motion for blood tests.

II
While the dissolution action was pending before the trial court, Daughter, by her next friend, Mother, filed an action to establish paternity in the juvenile court and named Alleged Father as her possible biological father. The juvenile court dismissed the action on Father's motion because the dissolution action was pending in the trial court. Mother claims the juvenile court erroneously dismissed the paternity action.
Indiana Trial Rule 12(B)(8) provides that, "at the option of the pleader; the following defenses may be made by motion: . . . The same action pending in another state court of this state." Further, Indiana T.R. 8(C), which lists those affirmative defenses which a responsive pleading shall set forth, includes the phrase, "the same action pending in another state court of this state . . ."
Mother claims that the juvenile court and the trial court are both the Vanderburgh Superior Court, both merely being divisions of that court. She contends that, inasmuch as the trial court and the juvenile court are the same court, the trial court is not "another state court" for which the juvenile court could dismiss the paternity petition.
Rules 8(c) and 12(b) of the Federal Rules do not contain a specific counterpart to the language of Indiana T.R. 8(C) or 12(B)(8) with regard to "the same action pending in another state court of this state." Therefore, interpretations of the federal rules will not be specifically helpful here. The Indiana Civil Code Study Commission, however, has issued comments on Indiana T.R. 12. While those comments do not bind our analysis, they aid in the resolution of the issue before us. The comments state, in pertinent part:
Rule 12(b)(8). This provision was added to codify the prior law on this subject. Under that law the issue could be raised on a plea in abatement or by demurrer. [Citations omitted.] Under the new procedure the issue will be raised by a motion to dismiss or by answer. It should be noted, however, that prior case law will still be valuable in determining the circumstances in which the issue can be raised.
1 William F. Harvey, Indiana Practice at 593 (1987). We therefore turn to prior case law to determine whether our supreme court permitted the use of a plea in abatement under circumstances similar to those in the present case.
The two matters involved in Brown v. Doak Company, 192 Ind. 113, 135 N.E. 343 (1922), were pending before two different justices in the court of justice of the peace of Harrison Township, Vigo County, Indiana. The court described the situation, as follows:
. . . when the present proceedings were filed, there was pending another action between the same parties and for the same cause before another justice of the peace in the same township, and that said cause was still pending at the time appellant's plea in abatement was filed . . .
Id. at 119, 135 N.E. at 345. The court noted that the rule at common law is to sustain the plea in abatement if there is a prior action pending at the time it is filed. Id. When there exists two tribunals possessing concurrent and complete jurisdiction of a subject matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted. Id. at 120, 135 N.E. at 345. Given the facts of the case, the trial court erroneously *48 found that the action should not be abated. Id. at 121, 135 N.E. at 345.
In the present case when Daughter, by her next friend, Mother, filed her paternity petition in the juvenile court, Mother had her previously filed dissolution action pending in the trial court. Although T.R. 12(B)(8) uses the language, "pending in another state court of this state," the case law on pleas in abatement leads us to the conclusion that we should apply the phrase in a general manner, to include different divisions of a superior court.
When an action is pending before a court of competent jurisdiction, other courts must defer to that court's extant authority over the case. State v. Marshall Superior Court II, 644 N.E.2d 87, 88 (Ind.1994). Courts observe this deference in the interests of fairness to litigants, comity between and among the courts of this state, and judicial efficiency. Id. at 89. This principle is implemented by the appropriate portion of Trial Rule 12(B) which allows for dismissal on the grounds that the same action is pending in another Indiana court. Id. This rule applies where the parties, subject matter, and remedies of the competing actions are precisely the same, and it also applies when they are only substantially the same. Id.
When two or more courts have concurrent jurisdiction over the same case, the jurisdiction of the court which first acquires such jurisdiction is deemed exclusive until the case is finally disposed of on appeal or otherwise. Pivarnik v. Northern Indiana Public Service Co., 636 N.E.2d 131, 135 (Ind. 1994). Three kinds of jurisdiction exist: jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over the particular case. Id. at 137. Jurisdiction over the particular case means the right, authority, and power to hear and determine a specific case within that class of cases over which a court has subject matter jurisdiction. Browning v. Walters, 620 N.E.2d 28, 31 (Ind. Ct.App.1993) (opinion on rehearing).
In a dissolution proceeding, the trial court has jurisdiction to award custody of children as well as to determine support obligations and visitation rights. Dorsey v. Dorsey, 409 N.E.2d 1233, 1234 (Ind.Ct.App. 1980). Under appropriate circumstances, the dissolution court may make a paternity determination. Id.
Thus, a trial court in a dissolution proceeding has jurisdiction over the subject matter of paternity and may obtain jurisdiction over the case, as well. Moreover, under such circumstances, the determination is not precluded, as Mother claims, for the reason that the child is "not a party to the dissolution action," as it is in a paternity proceeding under I.C. 31-6-6.1-2. See Matter of Paternity of H.J.F., 634 N.E.2d 551 (Ind.Ct.App. 1994) (states the proposition for a paternity action).
We have looked to the record but have found no indication that the Father or Mother personally asked the trial court to determine paternity in the dissolution action. See In re Marriage of Moser, 469 N.E.2d 762, 766 (Ind.Ct.App.1984). Father apparently relied upon the presumption that Daughter, who was born during the marriage, is his child. Mother, on her own behalf, filed a motion for blood tests to exclude Father as biological parent but did not attempt to establish paternity in anyone else. The proceeding now before this Court merely involves an interlocutory appeal of the decisions reached below, and we note that Father is not foreclosed from a request that the trial court make a determination of his paternity of Daughter.
Although the trial court and the juvenile court possessed concurrent and complete jurisdiction over the subject matter of paternity, the jurisdiction over the case on that issue became exclusive in the dissolution court because Mother first instituted the proceedings there. As noted, the jurisdiction of the trial court is deemed exclusive until the case is finally disposed of on appeal or otherwise.
Inasmuch as the parties, the subject matter, and the remedies of the competing actions were substantially the same in each action, the juvenile court appropriately deferred to the trial court's extant authority over the issue of paternity in the interests of fairness, comity, and efficiency. In light of *49 the above, the juvenile court appropriately dismissed the paternity action.
After the juvenile court had dismissed the paternity action, Daughter, by her next friend, Mother, filed a petition to establish paternity in the trial court, where the dissolution action was still pending. Mother and Daughter claim that the trial court should have granted Mother's motion for blood tests in light of Daughter's petition because I.C. 31-6-6.1-8(a) states that, upon motion of any party, the court shall order all the parties to the action to undergo blood testing.
The dissolution proceeding under I.C. 31-1-11.5, although it contemplates the determination of paternity, does not become a paternity proceeding under I.C. 31-6-6.1 merely because a child files, in the dissolution action, a petition to establish paternity. Mother has attempted to accomplish indirectly what the trial and juvenile courts have determined she may not accomplish directly. We have determined that the decisions of both courts did not amount to an abuse of discretion. Further, Mother, as next friend, has not pursued a claim that Daughter is entitled to blood tests, in Daughter's own behalf, in the dissolution action, under either the dissolution statutes or our trial rules. Mother has not established grounds for reversal on this issue.

III
The trial court granted Father's request for temporary custody just after Mother had repudiated the oral custody agreement and had filed her motion for blood tests. Mother contends the grant of temporary custody to Father amounts to an abuse of discretion.
Mother first claims the decision was improper because Father had filed no written petition for change of custody under I.C. 31-1-11.5-20. Mother's custody at the time, however, was temporary custody which the trial court had granted by provisional order. The change of custody to Father was a modification of that provisional order. Indiana Code section I.C. 31-1-11.5-7(f) contains the statutory authority for a modification of such an order:
The issuance of a provisional order shall be without prejudice to the rights of the parties or the child as adjudicated at the final hearing in the proceeding. Its terms may be revoked or modified prior to final decree on a showing of the facts appropriate to revocation or modification, and it shall terminate when the final decree is entered subject to right of appeal or when the petition for dissolution or legal separation is dismissed.
Because I.C. 31-1-11.5-7(f) does not require a written petition for modification of a provisional order, the trial court abused no discretion when it granted Father's oral motion.
Mother next claims the trial court improperly considered an untimely filed recommendation of a local social worker in the decision to grant Father temporary custody. Mother relies upon I.C. 31-1-11.5-22, which states that the "court shall mail the investigator's report to counsel and to any party not represented by counsel at least ten (10) days prior to the hearing." Mother claims that the trial court should not have considered the report because she did not receive the report before the hearing. The statute Mother relies upon, however, plainly states that it applies "[i]n custody proceedings after evidence is submitted upon the petition . . ." I.C. 31-1-11.5-22(a). As discussed above, the decision of the trial court affected a modification of a provisional order. Therefore, I.C. 31-1-11.5-7(f), which allows modification prior to a final decree, applies in the present case. Inasmuch as I.C. 31-1-11.5-7(f) does not set forth any time limits, the consideration of the report did not amount to an abuse of discretion.
Mother next claims the trial court improperly granted Father temporary custody because the evidence is insufficient to show a substantial, continuing, and detrimental change in circumstances. The current authority states, however, that modification of a provisional order may occur "prior to final decree on a showing of the facts appropriate to . . . modification." I.C. 31-1-11.5-7(f). We note that our supreme court previously decided that modification of a pendente lite support order, in absence of a showing of changed circumstances, was an abuse of discretion. *50 Loeb v. Loeb, 252 Ind. 96, 245 N.E.2d 831 (1969). That case, however, is distinguishable for two reasons: 1) it involved support, not custody; and 2) Burns Indiana Statutes 3-1216 (repealed 1973) was in effect during the case, and the statute did not provide a mechanism for a modification of the temporary custody. See In re Marriage of Gore, 527 N.E.2d 191, 198 at n. 7 (Ind.Ct.App.1988) (sets forth the applicable portion of the statute). In the present case, the trial court based its decision on "the best interests of the children," in light of the facts appropriate to modification, consistent with I.C. 31-1-11.5-7(f). The trial court abused no discretion when it considered the best interests of the children and determined that the facts favored the modification.

IV
Mother claims the trial court improperly refused to grant her request to appoint a guardian ad litem for Daughter when Mother raised the issue of non-paternity in the dissolution action and when Daughter raised the issue of paternity before the juvenile court.
As discussed above, the juvenile court properly dismissed the petition for paternity. The juvenile court need not have appointed a guardian for the properly dismissed petition.
With regard to the dissolution action, Mother cites, as her only authority, I.C. 34-2-3-1, which states that "[a]ll courts shall have power to appoint guardian ad litem." We note that a guardian ad litem must be appointed to protect the child's interests in all cases where a party seeks to overcome the presumption that a child born in wedlock is legitimate. Matter of Paternity of H.J.F., 634 N.E.2d at 555. In the present case, however, the parties have brought an interlocutory appeal. Mother has identified nothing in the record from which we may conclude that the trial court refused to appoint a guardian ad litem. The trial court, to this point, simply has not done so. A decision at this time, to the effect that the trial court has committed some error, would be premature. Therefore, Mother is not entitled to a relief on this issue.

V
On cross-appeal, Father claims the trial court improperly granted Mother's motion to set aside one of its earlier orders. As noted above, Mother and Father agreed on a property settlement and reserved the issues of custody and support. They further agreed to a final decree of dissolution of marriage. Upon acceptance of the agreement, the trial court "ORDERED, ADJUDGED AND DECREED that the parties marriage is hereby dissolved." Later, however, on Mother's motion, the trial court determined:
That purported Agreed Final Decree of Dissolution of Marriage and Property Settlement Agreement Only is in violation of I.C. 31-1-11.5-8(e) in that while the statute allows the bifurcation of uncontested issues in a dissolution action, it does not provide for a final dissolution until a final hearing of all the contested issues.
The trial court determined that the marriage of the parties was not, in fact, dissolved. Father claims the determination is erroneous.
A judge may reconsider prior rulings through the careful exercise of discretion. Emison v. Henderson, 141 Ind.App. 240, 245, 227 N.E.2d 457, 460 (1967). We will review the reconsideration of prior rulings for an abuse of that discretion.
Indiana Code section 31-1-11.5-8(d) permits a "summary dissolution" decree without a final hearing under circumstances where the parties show there are no unsettled, contested issues between them. In contrast, I.C. 31-1-11.5-8(e) permits a "summary disposition" order where there remain contested issues which require a final hearing.
To justify a reversal of a ruling made in the exercise of judicial discretion, the complainant must show that the action was prejudicial to his rights. Emmons v. State, 492 N.E.2d 303, 305 (Ind.1986). Father has not demonstrated how he was prejudiced by the reconsideration of the order which dissolved the marriage. In light of the language of 31-1-11.5-8(e), *51 the trial court abused no discretion when it revisited the issue.

VI
Father also asks this Court to remand this case to the trial court for a hearing to determine the amount of attorney fees and costs he should be awarded in defense of Mother's actions, which the trial court found to be in bad faith and a fraud upon the court. Mother responds that she is entitled to attorney fees because Father illegally attempted to have the original dissolution order reinstated. Inasmuch as neither of the parties have brought meritless issues on appeal, we decline to award any fees or costs.
Father also asks this Court to direct the trial court to dismiss the paternity complaint of Daughter, by next friend, Mother, filed in the dissolution action. We recognized the complaint above, where we stated that the dissolution proceeding under I.C. 31-1-11.5, although it contemplates the determination of paternity, does not become a paternity proceeding under I.C. 31-6-6.1 merely because a child files, in the dissolution action, a petition to establish paternity. Mother, as next friend, has not pursued a claim that Daughter is entitled to blood tests, on Daughter's own behalf, in the dissolution action, under either the dissolution statutes or our trial rules. The case before us involves an interlocutory appeal of specific decisions of the courts below. We have addressed the matters properly before us and conclude that the issues related to Daughter's petition are best directed to the trial court.
Judgment affirmed.
RILEY, J., concurs.
BAKER, J., concurs in part and dissents in part with separate opinion.
BAKER, Judge, concurring in part and dissenting in part.
While I concur in the majority's disposition of Issues I through V, I write separately to address the majority's disposition of Issue VI regarding Father's request for attorney fees and costs. Although I agree with the majority's determination that Father is not entitled to appellate attorney fees, I believe that Father's appellate brief raised an additional issue, which the majority did not address, regarding whether he was entitled to an award of attorney fees and costs for the expenses he incurred in defending Mother's action at the trial court level. Therefore, I shall address that issue here.
IND.CODE § 34-1-32-1(b)(3) authorizes the court to award attorneys fees in any civil action, as part of the costs to the prevailing party, if it finds that either party litigated the action in bad faith. Here, the trial court specifically found that Mother's motion for blood tests was in bad faith. Therefore, I believe that, pursuant to I.C. § 34-1-32-1(b)(3), Father is entitled to an award of attorneys fees and costs. As a result, I would remand this case to the trial court for a hearing to determine the amount of attorney fees and costs to be awarded to Father for his defense of mother's civil action.