BIR *v.* THE AUSTIN COMPANY, ETC. ET AL.

[No. 19,175. Filed November 18, 1960. Rehearing denied January 10, 1961. Transfer denied March 21, 1961.]

*Jay E. Darlington,* of Hammond, for appellant.

*Glenn D. Peters, Peters, Highland & McHie,* of counsel, of Hammond, *James Chester, Chester, Clifford, Hoeppner & Houran,* of counsel, of Valparaiso, and *Spangler & Jennings,* of Gary, for appellees.

Ax, P. J.—This is an appeal from a judgment *nil dicit* of the Porter Circuit Court, entered in favor of the defendant (appellee, The Austin Company) upon the refusal of the plaintiff (appellant) to further plead after appellee's demurrer for want of facts to appellant's complaint was sustained by the Court.

The complaint was filed on September 17, 1953, by the appellant, alleging in part that on March 24, 1952, while he was working on a construction job installing fittings on a tank and testing them under pressure, the tank exploded causing his injuries. At the time, he was an employee of the Ed Grace Company, a sub-contractor of the appellee, The Austin Company, who had purchased the tank from the appellee, General Steel Fabricating Company. Both appellees were charged with negligence. The appellant had brought this action against two third parties in lieu of claiming Workmen's Compensation benefits from his own employer.

To the complaint, the appellee, The Austin Company, filed a demurrer for want of facts, based upon two specifications contained in the memorandum—the first being essentially that the complaint shows no proximate relationship between the acts of this defendant and the plaintiff's alleged injuries, and the second that the complaint shows on its face that the plaintiff was subject to the provisions of the Indiana Workmen's Compensation Act and any action against any other person than his employer is barred within six months after the accident or injuries took place by the six-month limitation of the Indiana Workmen's Compensation Act.

Said demurrer was sustained, and after appellant's refusal to plead further within time granted by the court, judgment was entered that appellant take nothing from the appellee, The Austin Company, and that said appellee recover costs.

The case remained pending against the other defendant, General Steel Fabricating Company, and appellant in his brief has asked this Court to use its discretion under Rule 2-3 of the Supreme and Appellate Courts in deciding the issues presented to this Court. The pertinent part of said Rule 2-3 reads as follows:

"No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

Accordingly, we have so exercised our discretion and considered this appeal.

This appeal is brought up on the assignment of errors specifying two errors:

(1) The Court erred in sustaining the demurrer of defendant-appellee, The Austin Company, to the complaint.

(2) The Court erred in entering judgment in favor of said defendant upon plaintiff-appellant's failure to plead over.

The second above claimed error presents nothing to this Court, for it has been held that—

"An assignment that the court erred in rendering judgment against plaintiff, where defendant's demurrer to appellant's complaint was sustained and appellant refused to plead over, is insufficient, the error, if any, being in the sustaining of the demurrer, as judgment follows such action as a matter of course. *State ex rel. Lawson* v. *Warren Bros. Roads Co.* (1925), 115 Ind. App. 452, 59 N. E. 2d 912." Flanagan, Wiltrout & Hamilton, *Indiana Trial & Appellate Practice,* Ch. 47, §2387, p. 159.

By the brief of appellant and remarks of his counsel at the oral argument of this appeal, it is apparent that appellant desires this Court to rule only upon the second specification contained in the memorandum to the demurrer on the question of whether or not the action was barred by the then existing provisions of a six-month limitation under the Workmen's Compensation Law, or if the action was limited only by the two-year general statute of limitations.

However, the record does not indicate the reasoning of the trial court in sustaining the demurrer. It is a well-established rule of law that on appeal we must presume that all rulings of the trial court are correct until the contrary is shown. See Flanagan, Wiltrout & Hamilton, *Indiana Trial & Ap-*

*pellate Practice,* Ch. 56, §2790, Comment 1, and cases cited therein. We can not speculate, in the absence of any record in this case, as to whether the court sustained the demurrer based on the first specification in the appellee's demurrer that the complaint did not contain sufficient facts because it did not show any proximate relationship between the acts of the appellee and the injuries received by appellant, or if the court sustained it on the second specification, that the action was barred by the six-month statute of limitations.

Appellant made no argument in his brief to refute the appellee's first above mentioned specification. Therefore, it follows that by his failure to refute the contention of appellee in the argument in his brief that the demurrer should have been sustained on its first specification, appellant has failed to establish error of the court in sustaining the demurrer. It becomes obvious that it would be of no avail to the appellant in this action for this Court to unduly lengthen this opinion and do exhaustive personal research of the cases cited both by the appellant and the appellee to determine the question of appellant's contention that the court erred in applying the six-month statute of limitations.

Judgment affirmed.

Cooper, Myers, and Ryan, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 248.