EMISON ET AL. AS CO-EXECUTORS OF THE ESTATE OF EWING
EMISON *v.* HENDERSON ET. AL.

[No. 20,644. Filed June 20, 1967. Rehearing denied July 12, 1967.
Transfer denied October 26, 1967. Motion to
Re-consider denied December 19, 1967.]

*Emison & Emison,* of Vincennes, for appellants.

*Kimmell, Kimmell & Funk,* of Vincennes, for appellees.

SMITH, J.—This is an action brought by the plaintiff-appellants for a declaratory judgment to determine the value of legal services rendered by Ewing Emison, deceased, in the establishment and construction of a levee. The Brevoort Levee Committee, appellees herein, were the original defendants, and the remaining nine appellees were permitted to intervene below.

The appellants filed objections to permitting the intervenors to intervene as party defendants; but the objections were overruled, and the intervention was permitted by the trial court.

The intervening defendant-appellees are allegedly owners of land within the levee district. Because the levee district landowners are assessed for any levee costs incurred by the committee, any legal fee paid to the plaintiff-appellants would be assessed against the individual owners within the levee district.

The appellants filed their complaint entitled, "An Action For a Declaratory Judgment to Determine Attorney Fees," in the Knox Circuit Court. They requested that the court by declaratory judgment, determine the amount of attorney fees the estate of Ewing Emison was entitled to be paid by the Brevoort Levee Committee, as defendants, for legal services rendered in the planning, construction and financing of the Brevoort Levee in Knox County, Indiana.

The intervening defendants filed a petition to intervene alleging that they were owners of land within the levee district; that they would be subject to an assessment for any fee

paid to the plaintiff-appellants and that there was collusion on the part of the plaintiff-appellants and the original defendants in that the original defendants were not attempting to make any defense to the action.

Following a change of venue to the Daviess Circuit Court, the intervening defendants filed their separate demurrer. The demurrer was overruled, and thereafter a change of venue was taken by the intervenors to the Martin Circuit Court.

In the Martin Circuit Court, the original defendants, without being joined by the intervenors, filed their answer placing the cause, as to them, at issue. The intervenor defendant-appellees filed a separate motion requesting the court to reconsider the former ruling of the Daviess Circuit Court on the demurrer. The motion was granted by the court, and, upon reconsideration, the demurrer of the defendant-appellees was sustained. The plaintiff-appellants refused to plead further and the court thereupon entered a judgment against the plaintiff-appellants on the demurrer.

The appellants maintain that there is manifest error in the judgment and proceedings in this cause as follows:

"1. The Knox Circuit Court erred in overruling the appellants' (plaintiffs') request for a preliminary and separate hearing on the intervenors' allegation of collusion.

"2. The Knox Circuit Court erred in overruling the appellants' (plaintiffs') objections to admitting the intervenors as parties to the action below without a hearing or determination on the allegation of collusion.

"3. The Knox Circuit Court erred in admitting the intervenors as parties to the action below without a hearing.

"4. The Martin Circuit Court erred sustaining the motion of the intervenors for reconsideration of the decision by the Daviess Circuit Court, which had overruled the intervenors' demurrer to the complaint.

"5. The Martin Circuit Court erred in sustaining the demurrer of the intervenors to the complaint, after the same demurrer had been overruled in the Daviess Circuit Court.

"6. The Martin Circuit Court erred in overruling the appellants' (plaintiffs') motion to assign the cause for trial and to limit the intervenors' motion for judgment.

"7. The Martin Circuit Court erred in rendering judgment in favor of the original defendants against the appellants on their complaint when the same was at issue and had not been tried or otherwise disposed of."

The appellants specifically argue that the trial court abused its discretionary power in permitting the appellees to intervene as party defendants. They maintain that the intervenors' interests were adequately protected and represented by the original defendants. This contention, however, is not supported by the record. It is evident that the original defendants were willing to pay for the legal services rendered and went to trial only for the purpose of determining the amount owed. This determination was sought even though the parties were aware that the action to recover the debt was barred by the six (6) year statute of limitations. The debt accrued in 1949 and the present complaint was filed on October 2, 1963.

The fact that the original defendants were willing to pay the debt, whereas the intervenors sought to set up a valid defense to such payment, would indicate that similar interests were non-existent.

The determination of the right to intervene is a matter within the discretion of the court. *Lighthill* v. *Garvin, Receiver* (1940), 108 Ind. App. 187, 197, 27 N. E. 2d 911.

Because courts look with favor upon intervention in proper cases, a trial court should be liberal in permitting parties to intervene under proper circumstances. *Gilbault Home for Boys* v. *Terre Haute First Natl. Bank et al.* (1949), 227 Ind. 410, 85 N. E. 2d 824.

It is our opinion that the trial court did not err in permitting the appellees to intervene and defend their interests.

The intervention was not detrimental to the original defendants because, at the time, the only action taken by them

was the entering of a special appearance for the purpose of defending the suit.

The appellants also contend that the Martin Circuit Court erred in reconsidering the defendants' demurrer to the appellants' complaint. Here again the appellant is asking us to condemn discretionary trial court action. A judge may reconsider prior rulings through the careful exercise of his discretion. *Wall* v. *Wilson* (1952), 231 Ind. 207, 213 N. E. 2d 343, 346.

This discretionary act also includes the right to reverse another trial judge's ruling on a demurrer. *Dawson* v. *Acme Evans* (1947), 118 Ind. App. 49, 52, 75 N. E. 2d 553.

The record discloses no abuse on the part of the trial court in reconsidering the appellees' demurrer. The demurrer, as filed, attacked the complaint on the ground that it was not a proper action which could be instituted under the Declaratory Judgment Act; but, in fact, was a suit on account which was barred by the statute of limitations.

It is clear that relief under the Declaratory Judgment Act cannot be had where another remedy is available. *Hinkle* v. *Howard* (1947), 225 Ind. 176, 73 N. E. 2d 674.

Nor can it be a substitute for a suit on account. Indiana Law Encyclopdia, Vol. 10, p. 63.

The appellants contend in their complaint that legal services had been rendered for which they, as the personal representatives of the deceased, were entitled to be paid. This action is a suit on account, and the determination of the amount owed is not the type of justiciable controversy which may be brought under the provisions of the Declaratory Judgment Act. *Brindley et al.* v. *Meara et al.* (1935), 209 Ind. 144, 198 N. E. 301.

The action of the trial court was proper under the facts as presented by the record.

The appellants next argue that the appellees' demurrer was insufficient to present a question on the statute of limitations because the period of limitations was extended in writing. From an examination of the record, it appears that the appellants and original defendants entered into a written agreement in which it was agreed that Ewing Emison would not be paid for his legal services until the levee bonds, issued by the Brevoort Levee Committee, were matured and paid off.

Even though a debt or a claim founded on contract may be renewed or revived insofar as the statute of limitations is concerned by a new promise or acknowledgment so as to take the case out of the operation of the statute of limitations, such agreement affects only those parties who execute it and does not make the limitations defense exclusive. *Weidenhammer* v. *McAdams* (1912), 52 Ind. App. 98, 98 N. E. 883.

Thus, the agreement did not interrupt the running of the statute of limitations as to the intervening appellees. The appellants further contend that the Martin Circuit Court erred in refusing to assign the case for trial on its merits.

Regardless of the existence of a statute, the power is inherent in every court of record to render a judgment on the pleadings when the facts shown and admitted by the pleadings entitle one party to such judgment. *State ex rel. Reiman* v. *Kimmell* (1937), 212 Ind. 639, 10 N. E. 2d 911; 1 Indiana Practice, § 771, p. 671.

A judgment rendered against a plaintiff who refuses to plead further, after a demurer to the complaint was sustained, is referred to as a judgment *nil dicit. Bir* v. *Austin Co. etc. et al.* (1960), 131 Ind. App. 580, 170 N. E. 2d 248.

Where a demurrer has been sustained and the time granted to amend or plead over is allowed to expire, no cause of action

is pending upon which an issue of law or fact may be joined, and the court must enter a formal judgment. *State ex rel. Daily* v. *Harrison, Special Judge* (1939), 215 Ind. 106, 18 N. E. 2d 770; 1 Indiana Practice, § 594, p. 553.

The failure of the trial court to set the appellants' case for trial on its merits cannot be assigned as error because the appellants' failure to plead over made the rendering of a formal judgment obligatory.

We have examined the record and the briefs of the parties carefully, and we are satisfied that no error was committed in the court from which this case came, to the prejudice of the appellants. Because our Court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, it is our duty to say that no substantial or legal right of the appellants has been erroneously affected by the action of the court below.

Judgment affirmed.

Pfaff, C. J., Bierly and Cook, JJ. concur.

NOTE.—Reported in 227 N. E. 2d 457.