**Indinar BUFORD, Appellant–Plaintiff,**

v.

**FLORI ROBERTS, INC. and Lazarus, Inc., Appellees–Defendants.**

No. 49A02–9509–CV–563.

Court of Appeals of Indiana.

April 9, 1996.

Jon K. Stowell, Cline Farrell Christie & Lee, Indianapolis, for Appellant.

Sharon Funcheon Murphy, Lulich Murphy & Dowling, Indianapolis, for Appellees.

ROBERTSON, Judge.

Indinar Buford appeals the denial of her motion to reconsider an order to compel discovery of her mental health records in her lawsuit against Flori Roberts, Inc., and Lazarus, Inc. (Lazarus) for negligence and strict liability. She presents the following issues:

I.  Whether the Appellant (Plaintiff below), Indinar Buford, is entitled to a hearing on the issue of the discoverability of her mental health records, based on the statutory directives of Indiana Code § 16–39–3–1, et seq.

II. Whether the Appellant, Indinar Buford, is entitled to an in-camera review of her mental health records by the Trial Court, pursuant to the holding of the Indiana Supreme Court in *Canfield v. Sandock* (1990), Ind., 563 N.E.2d 526, to determine whether the records are causally and historically related to the condition put in issue

by her lawsuit and therefore appropriately subject to discovery by the Appellees.

We reverse.

A judge may reconsider prior rulings through the careful exercise of discretion. *Emison v. Henderson,* 141 Ind.App. 240, 245, 227 N.E.2d 457, 460 (1967). The trial court has broad discretion in ruling on issues of discovery, and this Court will interfere only where an abuse of discretion is apparent. *Crull v. Platt,* 471 N.E.2d 1211, 1216 (Ind.Ct.App.1984), *trans. denied.* Whether this case ultimately turns on whether the trial court ruled erroneously on the motion to reconsider or on the issue of discovery, we will review the ruling for an abuse of discretion.

The evidence reveals that Buford filed a personal injury complaint against Lazarus. The complaint included an allegation that Buford had sustained injury in the form of mental anguish. Counsel for Lazarus served on Buford's psychiatrist a third party request for production of, and a subpoena for, her mental health records. Buford objected to wholesale discovery of those records due to the physician-patient privilege. Counsel for the parties eventually agreed that Lazarus would obtain any documents to which the privilege did not apply and that they would submit the rest to the trial court for an in camera review for a determination about whether the privilege applied. No records were produced, however; and Lazarus filed a motion for an order to compel the psychiatrist to respond to the third party request for production. The trial court issued an order to the psychiatrist to fully respond to the request for production or suffer sanctions.

Buford then filed a motion to reconsider the order which had granted the motion to compel. Buford claimed, in part, that she must receive a hearing before Lazarus may have access to mental health records. The trial court denied the motion to reconsider, and Buford brought this interlocutory appeal.

Indiana Code chapters 16–39–2 and 16–39–3 apply only to mental health records. I.C. 16–39–2–1; I.C. 16–39–3–1. According to I.C. 16–39–2–3(2):

A patient's mental health record is confidential and shall be disclosed only with the consent of the patient unless otherwise provided in the following:

\*    \*    \*    \*    \*    \*

(2) Ind.Code 16–39–3 . . .

Further:

Without the consent of the patient, the patient's mental health record may only be disclosed as follows:

\*    \*    \*    \*    \*    \*

(14) Under a court order under I.C. 16–39–3.

I.C. 16–39–2–6.

A person who has filed or is a party to a legal proceeding and who seeks access to a patient's mental health record without the patient's written consent may file a petition in a circuit or superior court requesting a release of the patient's mental health record. I.C. 16–39–3–3(2). The court may order the release of the patient's mental health record without the patient's consent upon the showing of good cause following a hearing under I.C. 16–39–3 or in a proceeding under I.C. 31–6, following a hearing held under the Indiana Rules of Trial Procedure. I.C. 16–39–2–8.

A hearing under this chapter shall be conducted in a manner that preserves confidentiality of the record of the hearing. I.C. 16–39–3–6. At the conclusion of the hearing, the court may order the release of the patient's mental health record if the court finds by a preponderance of the evidence that: (1) other reasonable methods of obtaining the information are not available or would not be effective; and (2) the need for the disclosure outweighs the potential harm to the patient. I.C. 16–39–3–7(1) and (2). In weighing the potential harm to the patient, the court shall consider the impact of disclosure on the provider-patient privilege and the patient's rehabilitative process. I.C. 16–39–3–7(2).

■ The provisions just listed are like the physician-patient privilege in that they are based upon statute, they did not exist at common law, and they limit the admissibility of certain evidence. *See Canfield v. Sandock*, 563 N.E.2d 526, 528 (Ind.1990). Under Indiana law, the patient may waive the physician-patient privilege either expressly or by implication. *Id.* at 529. When a patient who is a party to a lawsuit places her mental or physical condition in issue, she has done an act which is so incompatible with an invocation of the physician-patient privilege as to that condition that she has implicitly waived the privilege to that extent. *Id.*

■ Buford, the party to the present lawsuit, has placed her mental condition in issue. Although she did not claim a right to a hearing under I.C. 16–39 until after the trial court had granted the motion to compel, as noted above, we will review this matter for an abuse of discretion. Under these facts, we cannot conclude that Buford performed any act which is so incompatible with the invocation of her statutory right to a hearing that she waived the right. We conclude that the denial of the motion to reconsider, which effectively ordered disclosure of Buford's mental health record without her consent and essentially denied her the right to a hearing, constituted an abuse of discretion.

Buford also claims she is entitled to an in-camera review of the mental health records for the determination of whether they are causally and historically related to her damages of mental anguish. As noted, the trial court may release the record without Buford's consent upon the showing of good cause following a hearing. The causal and historic relationship of the records to the issue of Buford's mental anguish are necessarily a part of the "showing of good cause" required for their release. The matter should be directed to the trial court at the hearing.

Judgment reversed.

BAKER and HOFFMAN, JJ., concur.