**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 22 2013, 6:10 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DANIEL J. CHUPP**
Franklin, Indiana

ATTORNEYS FOR APPELLEE:

**JAMES L. PETERSEN**
**BRIAN J. PAUL**
**CHRISTINA L. FUGATE**
**ERIN A. WEBLEY**
Ice Miller LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANIEL J. CHUPP, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 41A04-1302-SC-48 |
| | ) | |
| WYNDHAM VACATION | ) | |
| OWNERSHIP, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Richard L. Tandy, Magistrate
Cause No. 41D01-1209-SC-2771

**July 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Daniel Chupp, *pro se*, appeals the trial court's grant of a motion to dismiss filed by Wyndham Vacation Ownership, Inc. ("WVO"), as well as from the court's denial of Chupp's motion to reconsider. Chupp raises three issues which we consolidate and restate as whether the court erred in dismissing Chupp's notice of small claim on the basis that it did not have personal jurisdiction over WVO. WVO also requests appellate attorney fees pursuant to Ind. Appellate Rule 66(E). We affirm and deny WVO's request for attorney fees.

FACTS AND PROCEDURAL HISTORY

On November 9, 2009, Chupp, who is a resident of Franklin, Indiana, and a representative of WVO, a Delaware corporation with its principal place of business located in Orlando, Florida, entered into a "Discovery VIP" membership agreement entitling Chupp to certain travel and accommodation benefits.[1] Appellee's Appendix at 14-15.[2] The agreement was signed in Las Vegas, Nevada. Id. at 14. Chupp also signed a "Statement of Understanding" which stated that "I understand that I am able to use my points for accommodations at select Wyndham Vacation Resorts, Inc. (Wyndham) locations or for a Wyndham Vacation Resorts and cruise combination package, as listed in the current Discovery Vacations by Wyndham Member's Directory." Id. at 16.

On September 4, 2012, Chupp filed a notice of small claim (the "Claim") against WVO in the Magistrate Division of the Johnson County Court. The Claim noted that

---

[1] We note that the agreement names the party opposite Chupp as "Wyndham Vacation Resorts," rather than Wyndham Vacation Ownership. Appellee's Appendix at 14. However, it appears that both Chupp and WVO agree that they are one and the same.

[2] We note that Chupp did not file an appellant's appendix. We direct Chupp to Ind. Appellate Rule 49(A), which provides that "[t]he appellant shall file its Appendix with its appellant's brief."

WVO's address was located in Orlando, Florida. Chupp noted the following on the Claim form in the field asking the plaintiff to state the nature of the claim: "Breach of contract. Misrepresentation of services offered." Id. at 9. On October 5, 2012, WVO moved to dismiss the Claim for lack of personal jurisdiction, improper venue, and failure to properly file the notice of claim, specifically noting that it "has no contacts with Indiana that would subject it to personal jurisdiction." Id. at 11. On October 9, 2012, Chupp filed an objection to WVO's motion, noting that he "googled Wyndham near Franklin Indiana and 27 properties came up with one in Greenwood Indiana which is in Johnson County." Id. at 24. On October 25, 2012, WVO filed a reply which stated that Chupp "is confusing two separate and distinct entities: (1) [WVO] (the defendant in this action); and (2) Wyndham Hotel Group, LLC. The 'Wyndham' properties cited by [Chupp] in his Objection are independently owned and operated franchises of Wyndham Hotel Group, LLC." Id. at 27. On October 29, 2012, Chupp filed a response to WVO's reply. On November 13, 2012, Chupp filed a request for admissions pursuant to Ind. Trial Rule 36.

On January 8, 2013, the court held a hearing on the parties' motions. At the outset of the hearing, Chupp, *pro se*, indicated to the court that he was on vacation in Las Vegas when a representative of WVO approached him on the street and asked if Chupp would listen to a ninety-minute presentation to "try to sell you one of those timeshare things," and, following the presentation, he signed the membership agreement. Transcript at 7. WVO, by counsel, argued that "the Defendant in this action is [WVO]. This is a separate and distinct entity from Wyndham Hotel Group, which is a subsidiary, I believe, of

3

Wyndham Worldwide Corporation" and that "the Wyndham hotels that exist in Indiana or nationwide are independently owned and operated franchises of Wyndham Hotel Group. So, these are not even franchises of Wyndham Vacation." Id. at 13-14. On January 10, 2013, the court entered its order of dismissal without prejudice. Chupp filed a motion to reconsider dismissal on January 15, 2013, stating in part:

> The fact that [WVO] does not own or operate the location in Johnson County Indiana is immaterial to the this [sic] case. This case is a general contractor and sub-contractor dispute. When party 1 and party 2 enters into a contract ( written or verbal). [sic] That contract is still in effect when party 2 sub-contracts with party 3 to actually perform party 2 contractual obligations to party 1. Party 1 does not have to be party to or even be aware of the contract between party 2 and party 3. When party 3 fails to start or complete the obligation party 2 has to party 1 this is a breech [sic] of the original contract between party1 [sic] and party 2. Party 1 being [Chupp] and party 2 being [WVO] and party 3 being Wyndham Hotel Group.

Appellee's Appendix at 43. Chupp also noted that Defendant's Exhibit 1, an affidavit of Susan Martinez who is a paralegal for WVO, stated that WVO "does not own or operate or maintain any of the hotel properties," and "[b]y this statement [WVO] is acknowledging the fact that there is a sub-contract with the Wyndham Hotel Group." Id. at 44. On January 22, 2013, the court denied Chupp's motion to reconsider.

DISCUSSION

The issue is whether the court erred in dismissing Chupp's notice of small claim on the basis that it did not have personal jurisdiction over WVO. Before addressing the arguments of the parties, however, we note that although Chupp is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans.

4

denied. This court will not "indulge in any benevolent presumptions on [his] behalf, or waive any rule for the orderly and proper conduct of [his] appeal." Ankeny v. Governor of State of Indiana, 916 N.E.2d 678, 689 (Ind. Ct. App. 2009) (citation omitted), reh'g denied, trans. denied.

Personal jurisdiction is a question of law. LinkAmerica Corp. v. Albert, 857 N.E.2d 961, 965 (Ind. 2006). "Therefore, our review is de novo, and we do not defer to the trial court's legal conclusion as to whether personal jurisdiction exists." Sebring v. Air Equip. and Eng'g, Inc., 988 N.E.2d 272, 274 (Ind. Ct. App. 2013) (citing LinkAmerica, 857 N.E.2d at 965). However, to the extent that the issue of personal jurisdiction turns on disputed facts, the trial court's findings of fact are reviewed for clear error. Id. Also, to the extent we review the court's denial of Chupp's motion to reconsider, we apply an abuse of discretion standard. Buford v. Flori Roberts, Inc., 663 N.E.2d 1159, 1160 (Ind. Ct. App. 1996).

Indiana Trial Rule 4.4(A) serves as Indiana's long-arm jurisdiction provision. Sebring, 988 N.E.2d at 274. This provision extends to the limits of the United States Constitution; therefore, analysis of personal jurisdiction is reduced "to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." Id. at 274-275 (quoting LinkAmerica, 857 N.E.2d at 967).

> The Due Process Clause of the Fourteenth Amendment requires that before a state may exercise jurisdiction over a defendant, the defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Wash., 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L.Ed. 278 (1940)). If the defendant's contacts with the state are so "continuous and systematic" that the defendant should reasonably

anticipate being haled into the courts of that state for any matter, then the defendant is subject to general jurisdiction, even in causes of action unrelated to the defendant's contacts with the forum state. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n. 9, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984).

If the defendant's contacts with the forum state are not "continuous and systematic," specific jurisdiction may be asserted if the controversy is related to or arises out of the defendant's contacts with the forum state. Id. at 414 & n. 8, 104 S. Ct. 1868. Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985). A single contact with the forum state may be sufficient to establish specific jurisdiction over a defendant, if it creates a "substantial connection" with the forum state and the suit is related to that connection. McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223, 78 S. Ct. 199, 2 L.Ed.2d 223 (1957). But a defendant cannot be haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." Burger King, 471 U.S. at 475, 105 S. Ct. 2174 (internal quotation marks omitted) (citing Helicopteros, 466 U.S. at 417, 104 S. Ct. 1868; Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774, 104 S. Ct. 1473, 79 L.Ed.2d 790 (1984); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 299, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980)).

Id. (quoting LinkAmerica, 857 N.E.2d at 967).[3]

Initially, we observe that WVO asserts that Chupp's argument should be waived for failure to present a cogent argument, and in this regard we are inclined to agree.

---

[3] Also, "once either general or specific jurisdiction has been established, 'due process requires that the assertion of personal jurisdiction over the defendant is reasonable.'" Foley v. Schwartz, 943 N.E.2d 371, 379 (Ind. Ct. App. 2011) (quoting LinkAmerica, 857 N.E.2d at 967), trans. denied. As recited by the Court in LinkAmerica, the five factors to balance in determining reasonableness are as follows:

(1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenience and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies.

857 N.E.2d at 968 (citing Burger King, 471 U.S. at 476-477, 105 S. Ct. 2174).

Specifically, WVO argues that Chupp's brief "is substantially noncompliant with the appellate rules," noting that it "introduces new information that is outside the record and irrelevant to the jurisdictional question before this court," that his statement of the case fails to reference the record or appendix, that indeed Chupp did not file an appendix, and that his statement of facts contains improper argument and assertions of fact not presented at the trial court level and not contained in the record. Appellee's Brief at 6. WVO also notes that Chupp's argument section "does not separately discuss each of the 'issues' set forth in the Statement of Issues," that his "arguments are intermixed with other sections of his Brief, and that only the first of . . . three 'issues' are even discussed at all." Id. WVO further notes that Chupp does not provide the applicable standard of review, and that although he cites to certain cases, he does not discuss them nor apply them to the facts.

Indeed, we note that although Chupp appears to identify three issues in his statement of the issues,[4] the entirety of his argument section consists of the following:

> 1. The Appellants cause in Indiana is the proper venue and Indiana having jurisdiction due to the fact that the Defendant does have contact with

---

[4] Chupp states his issues on appeal as:

1. The fact that the lower court dismissed [his] cause due to being without jurisdiction to litigate these issues.

2. The fact that the lower court denies [his] Motion to Reconsider Dismissal.

3. [He] served a Request for Admission upon [WVO] which is now deemed admitted. Trial Rule 36 of the Indiana Rules of Procedures, The request spells out the contacts and the obligations of [WVO] to [Chupp]. Plaintiffs exhibit #2.

Appellant's Brief at 1. We also observe that the exhibit volume generated by the trial court clerk below contains one exhibit, which is the affidavit of Susan Martinez. Chupp's request for admissions is contained in the appendix filed by WVO, and it contains a file stamp date of November 13, 2012.

7

Indiana in a continuous and substantial manor [sic] and that that contact gives rise to the Plaintiffs [sic] issue. International Shoe Company v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95, 161 A.L.R. 1057 (1945), Burger King Corporation v. Rudzewicz, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed.2d 528[ ](1985), World Wide Volkswagen Corp. v. Woodson, 444 U.S. at 297, 100 S.[ ]Ct. at 567., [sic] Trial Rule 4.4(A)(1) and Trial Rule 4.4(A)(4)[ ]and Trial Rule 4.4(A)(5) 2. The obligation was to be performed in Johnson County Indiana at a Wyndham hotel group property. Page 33-34 in transcript.

Appellant's Brief at 4. In his statement of facts, Chupp asserts, without citation to authority, that "WYNDHAM WORLDWIDE is the parent corporation of 3 separate corporations known as <u>Wyndham</u> Hotel Group, <u>Wyndham</u> Exchange & Rentals, [and] <u>Wyndham</u> Vacation Ownership. All 3 corporations communicate on a daily bases [sic] to fulfill accommodations obligations of each other."[5] <u>Id.</u> at 3. To the extent that Chupp fails to cite to relevant authority or relevant portions of the record or develop an argument with respect to the issues he attempts to raise, those arguments on appeal are waived. <u>See Loomis v. Ameritech Corp.</u>, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), <u>reh'g</u> <u>denied</u>, <u>trans. denied</u>.

However, despite such shortcomings we elect to address the apparent merits of Chupp's argument, and we note that we are able to do so in a rather summary fashion. As recited above, the crux of Chupp's claim is that, although WVO is a Delaware corporation headquartered in Orlando, Florida, and although the agreement was signed in Las Vegas, Nevada, he is entitled to bring his claim in Johnson County, Indiana, due to

---

[5] At the end of Chupp's statement of facts, he provides the citation "See Plaintiffs exhibit #1." Appellant's Brief at 3. However, neither the exhibits volume, nor the appendix filed by WVO, contains such exhibit.

8

the presence of a Wyndham hotel property located in Greenwood. However, as made clear by WVO in its argument and, importantly, by the affidavit of Susan Martinez, the lone exhibit entered into evidence at the hearing, WVO "does not own, operate, or maintain any hotel properties," and such hotels "are independently owned and operated franchises of Wyndham Hotel Group, LLC," which "is a separate and distinct entity" from WVO. Defendant's Exhibit 1.

Indeed, the Court in LinkAmerica specifically noted that it is presumed "that a parent and a subsidiary are independent entities and a subsidiary's contacts with the forum are not attributed to the parent corporation for jurisdictional purposes." 857 N.E.2d at 968. This is so because "when corporate formalities are observed, permitting the activities of the subsidiary to be the basis for exercising jurisdiction over the parent violates due process." Id. Also, it follows that contacts from one subsidiary may not create minimum contacts attributable to another subsidiary of the same parent corporation. "Overcoming this presumption requires clear evidence that either: (1) the parent utilizes its subsidiary in such a manner that an agency relationship can be perceived; (2) the parent has greater control over the subsidiary than is normally associated with common ownership and directorship; or (3) the subsidiary is merely 'an empty shell.'" Id. Chupp does not present any evidence or argument to overcome this presumption.

Having determined that Chupp's argument fails, we address WVO's request for appellate attorney fees pursuant to Appellate Rule 66(E). Appellate Rule 66(E) provides in part that this court "may assess damages if an appeal, petition, or motion, or response,

9

is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Our discretion to award attorneys' fees under Ind. Appellate Rule 66(E) is limited to instances when "an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." Thacker v. Wentzel, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003) (citing Orr v. Turco Mfg. Co. Inc., 512 N.E.2d 151, 152 (Ind. 1987)). In addition, while Ind. Appellate Rule 66(E) provides this court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. Id. (citing Tioga Pines Living Ctr., Inc. v. Ind. Family & Social Serv. Admin., 760 N.E.2d 1080, 1087 (Ind. Ct. App. 2001), affirmed on reh'g, trans. denied). A strong showing is required to justify an award of appellate damages and the sanction is not imposed to punish mere lack of merit but something more egregious. Harness v. Schmitt, 924 N.E.2d 162, 168 (Ind. Ct. App. 2010).

Indiana appellate courts have classified claims for appellate attorneys' fees into substantive and procedural bad faith claims. Thacker, 797 N.E.2d at 346 (citing Boczar v. Meridian St. Found., 749 N.E.2d 87, 95 (Ind. Ct. App. 2001)). To prevail on a substantive bad faith claim, the party must show that "the appellant's contentions and arguments are utterly devoid of all plausibility." Id. Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. Id. at 346-347. Even if the

10

appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found.  Id. at 347.

Here, we elect to deny WVO's request for appellate attorney fees.  In so doing, we note in particular that the appeal is from a notice of claim filed in small claims court, which is an informal proceeding which has "the sole objective of dispensing speedy justice between the parties according to the rules of substantive law," and which "shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence . . . ."  Small Claims Rule 8(A).  Recognizing that Chupp, who represented himself below as well as on appeal, was seeking review of the small claims court's order, and the fact that his arguments contained in a four-page brief did not appear to be written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court, we decline to award appellate attorney fees.

### CONCLUSION

For the foregoing reasons, we affirm the court's order of dismissal and denial of Chupp's motion to reconsider, and we deny WVO's request for appellate attorney fees.

Affirmed.

RILEY, J., and BRADFORD, J., concur.

11