**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 10 2013, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**COREY L. SCOTT**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**THOMAS N. LESLIE**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNITH HOWARD, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1302-DR-43 |
| | ) | |
| ERICA LOFTON, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly D. Mattingly, Magistrate
Cause No. 49D05-1003-DR-11063

**December 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Kennith Howard ("Howard") appeals the trial court's denial of his Motion to Reconsider and Set for Hearing and his Motion to Correct Error and Relief from Judgment from his dissolution proceeding with Erica Lofton ("Lofton").

We affirm.

## ISSUES

1.  Whether the trial court abused its discretion by denying Howard's Motion to Reconsider and Set for Final Hearing.

2.  Whether the trial court abused its discretion in denying Howard's Motion to Correct Error and Relief from Judgment.

## FACTS

On March 10, 2010, Howard filed his Petition for Dissolution of Marriage in Civil Court 5. The case was originally set for a final hearing on August 3, 2011, but was continued due to Howard's filing bankruptcy. Subsequently, the case was continued six (6) additional times. (App. 7-9). The trial court set the matter for an attorneys' conference, which took place on September 2, 2012. At that conference, the trial court made a jacket entry advising both sides that "attorneys [are] to either settle the case or be prepared for final hearing on 10/10/2012 at 10 a.m." (App. 9).

In an unrelated matter, Howard's counsel was scheduled to represent another client in a criminal jury trial on October 11, 2012. On October 5, 2012, the State of Indiana filed a Motion for Joinder of Offenses, and, in response, the court set the matter for a hearing on the issue of joinder on October 10, 2012 at 9:00 a.m.

On the evening of October 9, 2012, Howard informed his counsel that he would not be able to attend the final hearing in person but would make himself available by telephone. On the morning of the final hearing, October 10, 2012, Howard's counsel "stop[ped] in" (Tr. 6) Civil Court 5 and informed court staff that he had a brief meeting in Criminal Court 2 and that he expected to return well before the start of the final hearing. During the course of the criminal hearing, it became clear to Howard's counsel "that there would be a time overlap in handling the two matters." (App. 19). Howard's counsel then contacted his paralegal and asked her to inform Civil Court 5 that there could be a scheduling conflict and that he would report to the civil court immediately upon concluding the criminal matter.

Meanwhile, in Civil Court 5, the trial court proceeded to conduct the hearing in Howard's and his counsel's absence, noting on the record its admonition to the attorneys at the September 24, 2012 pre-trial conference. The court noted on the record that Howard's counsel "did stop in earlier, said he had a hearing in Crim 2 and was just letting [court staff] know...." (Tr. 6). At no point in the proceedings did anyone advise the court that Howard's counsel had arrived or was en route. (*See* Tr. 3-33). Howard's counsel did not arrive in Civil Court 5 until after the hearing had ended. The trial court took the matter under advisement.

On October 12, 2012, before the trial court entered its final dissolution decree, Howard's counsel filed a Verified Motion to Reconsider and Set for Final Hearing, in which he alleged his belief that his "checking in with [the trial court] staff possibly was

3

not relayed to the Court ... and asks that [the trial court] reconsider its decision to proceed without [him]." (App. 20). The trial court denied the motion on October 31, 2012. On November 26, 2012, the trial court entered its Decree of Dissolution and Marriage Judgment, within which Howard was ordered to pay $294 per week in child support. On December 24, 2012, Howard filed a Motion to Correct Error and Relief from Judgment, in which he challenged the trial court's child support determination. On January 2, 2013, the trial court denied Howard's Motion to Correct Error and Set for Final Hearing.

DECISION

1. Howard's Motion to Reconsider and Set for Final Hearing

Howard argues that the trial court erred in denying his Motion to Reconsider and Set for Final Hearing. Specifically, he contends that the trial court abused its discretion by conducting the final dissolution hearing in his counsel's absence.

A judge may reconsider prior rulings through the careful exercise of discretion. *Emison v. Henderson*, 141 Ind.App. 240, 245, 227 N.E.2d 457, 460 (1967). We review a trial court's denial of a motion to reconsider for an abuse of discretion. *Buford v. Flori Roberts, Inc.*, 663 N.E.2d 1159, 1159 (Ind. Ct. App. 1996). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Hoglund v. State*, 962 N.E.2d 1230, 1237 (Ind. 2012), *reh'g denied*.

Here, Howard first attempts to characterize the trial court's decision as a "default judgment," arguing that default judgments are generally disfavored. (Howard's Br. 8).

4

However, his characterization is incorrect because the trial court did decide the issue on the merits. It has long been settled that "[w]hen a trial court proceeds to hear a divorce action on the merits even though one of the parties is absent, the resulting judgment is on the merits. The judgment is not a default judgment." *Robbins v. Robbins*, 358 N.E.2d 153, 154, n.1 (Ind. Ct. App. 1976). While neither Howard nor his counsel presented evidence at the hearing – and Howard failed to even submit a child support worksheet – the trial court nevertheless heard evidence from Lofton and reached its decision based upon the available evidence. Such a decision is not a default judgment, but rather, a judgment on the merits of the case. *Id*.

Next, Howard points to his counsel's advisement to the court that he would be in another hearing, and he appears to argue that the trial court either should have waited longer for his counsel to appear or continued the hearing to a later date, despite the numerous continuances already granted in the matter and the court's previous admonition. (*See* Howard's Br. 8) (criticizing the trial court for waiting "all of fifteen (15) minutes"). Giving Howard the generous benefit of the assumption that his counsel's "stop[ping] in" (Tr. 6) constituted an oral motion for continuance, we will consider whether the trial court properly denied Howard's request for another hearing.

We review a trial court's decision to grant or deny a motion to continue for abuse of discretion, and there is a strong presumption that the trial court properly exercised its discretion. *Gunashekar v. Grose*, 915 N.E.2d 953, 955 (Ind. 2009). A motion for continuance should be made at the earliest practicable time after knowledge of the

5

necessity for a continuance. *Clodfelder v. Walker*, 125 N.E.2d 799, 800 (Ind. 1955). Here, Howard's counsel knew from as early as October 5, 2012, that he faced a scheduling conflict, yet he waited until the morning of the October 10, 2012 hearing to advise the court of this issue, and he did so only informally.

In his brief, Howard cites certain Indiana cases for the proposition that "where trial counsel is not present at a final hearing due to no fault of appellant and prejudice results, relief should be granted." (Howard's Br. 5). However, as Lofton correctly points out, the narrow holdings of the cases Howard cites do not support such a proposition. Indeed, in those cases, the courts found excusable neglect where the absent party (or attorney) was not aware of the scheduled hearing, due to such factually distinguishable circumstances as improper rescheduling procedures or subterfuge by the other party. *See Holley v. Holley,* 659 N.E.2d 581 (Ind. Ct. App. 1995) (where husband told wife two days before the hearing that he had no information about a hearing being scheduled, deliberately causing wife to fail to appear); *Ransom v. Ransom*, 531 N.E.2d 1171, 1172 (Ind. Ct. App. 1988) (where neither the attorney nor his client were aware that a hearing had been scheduled).

Here, Howard cannot argue that he and his counsel were unaware of the date or time of the hearing they missed. Not only was Howard's counsel aware of the time of the hearing, but he failed to move for a continuance in either matter as soon as he learned of the potential conflict. Given this fact, the trial court cannot be said to have abused its discretion in denying Howard the benefit of additional hearing time. To the extent that

Howard argues that his counsel's "stop[ping] in" (Tr. 6) was not a motion and that he should not be prejudiced by his attorney's failure to properly move for a continuance, he is mistaken. *See Moe v. Koe*, 330 N.E.2d 761, 765 (Ind. Ct. App. 1975) ("The general rule has been long and firmly established that the negligence of the attorney is the negligence of the client"); *see also Morequity, Inc. v. Keybank, N.A.*, 773 N.E.2d 308, 314 (Ind. Ct. App. 2002) ("Refusal to relieve a party from a judgment based on the actions of his attorney has a long history in Indiana common law") (citing *id.*). For those reasons, we will not disturb the trial court's denial of Howard's Motion to Reconsider and Set for Final Hearing.

2.     Howard's Motion to Correct Error and Relief from Judgment

Howard also challenges the trial court's denial of his Motion to Correct Error and Relief from Judgment. He argues that the trial court abused its discretion in not granting his Motion to Correct Error and re-calculating his child support obligation using the worksheet he attached to that motion, which detailed his financial obligations to his prior-born children.

"The trial court's decision on a motion to correct error comes to an appellate court cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court abused its discretion." *Page v. Page*, 849 N.E.2d 769, 771 (Ind. Ct. App. 2006). In making our determination, we look to the record to determine if: "(a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done to the appellant;

7

or (c) a very strong case for relief from the trial court's order has been made by the appellant." *Id.* (internal citation and quotation marks omitted).

Howard argues only that the trial court's child support determination constituted an abuse of discretion. (*See* Howard's Br. 9-11). "Child support is to be determined by the court based on the particular facts and circumstances disclosed by the evidence in each case and the decision is within the sound discretion of the trial court." *Davidson v. Davidson*, 540 N.E.2d 641 (Ind. Ct. App. 1989); *Hunter v. Hunter*, 498 N.E.2d 1278 (Ind. Ct. App. 1986). As stated above, a trial court's order constitutes an abuse of discretion when the order entered is clearly against the logic and effect of the facts and circumstances before the trial court, including any reasonable inferences to be draw therefrom. *Hoglund*, 962 N.E.2d at 1237. *See also Olson v. Olson*, 445 N.E.2d 1386, 1388 (Ind. Ct. App. 1983) ("Determinations of proper child support are committed to judicial discretion").

Here, given the evidence available to the trial court at the time of its decree, we do not find that the determination was an abuse of discretion. Although the Indiana Child Support Guidelines require both parents to complete and sign, under penalty of perjury, a child support worksheet verifying income and relevant expenses, only Lofton complied with this requirement, attaching it as Exhibit F to her proposed decree. (App. 15-17). Howard only completed and submitted a child support worksheet as an attachment to his Motion to Correct Error, filed on December 24, 2012, a month after the trial court entered its decree in November. Given the evidence presented to the court at the final hearing

8

and through Lofton's proposed decree and child support worksheet, we do not find that the trial court's decision was clearly against the logic and effect of the facts and circumstances before it.

Whether a case shall be reopened for the introduction of additional evidence lies within the sound discretion vested in the trial court. *Utopia Coach Corp. v. Weatherwax*, 379 N.E.2d 518 (Ind. Ct. App. 1978). While Howard urges this Court to allow him to belatedly submit his own child support worksheet, within which he re-calculates his obligation as approximately $161, rather than $294, (Howard's Br. 10; App. 43), Lofton argues that to do so would "greatly prejudice [her] as she would have no opportunity to cross-examine [Howard] as to the legitimacy of the figures contained in [his version of the child support worksheet]," (Lofton's Br. 7), and that the decision reached by the trial court, in its sound discretion, should stand. For the reasons stated above, we agree.

Affirmed.

CRONE, J., and BARNES, J., concur.